### HORNSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 20, 1907.)

No. 1,403.

CRIMINAL LAW—JURISDICTION OF OFFENSE—OFFENSES AGAINST UNITED STATES AND MUNICIPALITY.

An ordinance prohibiting gambling and prescribing punishment for the same, enacted by a town of Alaska under authority conferred by Act April 28, 1904, c. 1778, 33 Stat. 529, does not deprive the district courts of jurisdiction of a prosecution for gambling within the limits of the town, instituted under the Penal Code of the district, which makes the same a criminal offense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 14, Criminal Law, § 176.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Albert H. Elliot and George D. Schofield, for plaintiff in error. Henry M. Hoyt, U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge. Charles Hornstein, plaintiff in error, was convicted of the crime of gambling after trial upon information filed in the United States Commissioner's Court for the District of Alaska. To the information Hornstein filed a demurrer and plea in abatement, raising the point that the United States Commissioner had no jurisdiction over an offense committed within the incorporated limits of the town of Nome, District of Alaska, where the alleged crime was committed. The plea in abatement and demurrer were overruled, trial was then had before a jury, and a verdict of guilty was rendered. The plaintiff in error moved for a new trial, which motion was denied, and thereupon he was fined. From the judgment of conviction he sued out a writ of error to this court.

The statute of Alaska under which the information was filed reads as follows:

"That each and every person who shall deal, play, or carry on, open or cause to be opened, or who shall conduct, either as owner, proprietor or employee whether for hire or not, any game of faro, monte, roulette, rouge et noir, lansquenet, rondo, vingt-un, twenty-one, poker, draw poker, bragg, bluff, thaw, craps, or any banking or other device whether the game shall be played for money, checks, credit, or any other representative of value, shall be guilty of a misdemeanor."

Congress passed an act, approved April 28, 1904, 33 Stat. 529, c. 1778, entitled "An act to amend and codify the laws, relating to municipal corporations, in the District of Alaska." Under this act, the town of Nome, a municipal corporation, passed an ordinance on August 1, 1904, making it a misdemeanor to gamble. This ordinance was in effect at the time of the filing of the information against the plaintiff in error.

The principal contention of the plaintiff in error is that the act to amend and codify the laws relating to municipal corporations in the

District of Alaska, approved April 28, 1904, repealed the act of Congress of March 3, 1899, 30 Stat. 1253, c. 429, entitled "An act to define and punish crimes in the District of Alaska," in so far as the said act of March 3, 1899, related to the offense of gambling, where said offense is committed within the limits of incorporated towns, and where such incorporated towns have enacted ordinances defining the offense of gambling, and where such ordinances are in force, as in the case of the city of Nome. The legal question involved is the same as that presented and decided in the case of Mose Rosencranz v. United States, 155 Fed. 38, and the conclusion there reached, that Congress under the act of April 28, 1904, c. 1778, 33 Stat. 529, did not intend to yield its authority over the subjects of gambling and other offenses enumerated, must control here. The argument that by the act of 1904 Congress intended to increase greatly the powers of town councils is sound until it is invoked to sustain the conclusion that the power conferred upon the municipality is inconsistent with the reservation of power by the United States. It then fails, for as we have shown in the Rosencranz Case, there is no repugnancy between the two acts, and in the absence of expressed or clearly implied terms that the jurisdiction should be exclusively in the municipalities we cannot find a surrender of the jurisdiction of the United States. Not finding such surrender, we cannot infer it merely upon the ground of a possible double prosecution. Cross v. North Carolina, 132 U. S. 131, 10 Sup. Ct. 47, 33 L. Ed. 287; Bishop on Statutory Crimes, § 24; Fox v. Ohio, 5 How. 410, 12 L. Ed. 213.

Plaintiff in error also contends that the court erred in refusing to instruct the jury in writing when requested by the defendant. Section 137 of the Penal Code of Alaska provides:

Subd. 5. "When the evidence is concluded, either party may request instructions to the jury on points of law, which shall be given or refused by the court; which instructions shall be reduced to writing if either party request it."

Subd. 7. "The court, after the argument is concluded, shall immediately, and before proceeding with other business, charge the jury; which charge, or any charge, given after the conclusion of the argument, shall be reduced to writing by the court, if either party request it before the argument of the trial is commenced; such charge or charges, or any other charge or instructions provided for in this section, when so written and given, shall in no case be orally qualified, modified, or in any manner explained to the jury by the court; and all written charges and instructions shall be taken by the jury in their retirement, and returned with their verdict into court, and shall remain on file with papers of the case."

The bill of exceptions does not show that the plaintiff in error requested the court to charge the jury in writing; but sets forth that the counsel for the plaintiff in error, just before the government rested its case, requested the court "in charging the jury to charge the jury according to defendant's written requests numbered 1 and 2." The purport of counsel's request and of his exception was therefore, not that the court should charge in the form of a written instruction, but that the substance of the written requests should be stated as the law to the jury, without regard to any particular form. Argument of the case was waived by defendant. The court then charged the jury orally. After the judge had delivered his charge, counsel for the defendant

for the first time stated that he took exceptions "to the oral instructions given by the court and the refusal of the court to charge the jury in writing." But, as said, the only request made before argument to the court having been that the jury should be charged "according to the defendant's written requests numbered 1 and 2," plaintiff cannot now urge that his rights were prejudiced by the omission of the court to deliver a written charge. Under no circumstances, however, could the plaintiff in error have been prejudiced by the failure of the court to charge the jury in writing, inasmuch as his two requests related entirely to the question of jurisdiction, which had been previously properly passed upon by the court in overruling his demurrer and plea in abatement.

We find no error in the record, and the judgment is affirmed.