BOTTS et al. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 27, 1907.)

No. 1,406.

DISORDERLY HOUSE—PROSECUTION FOR KEEPING—PROOF OF CHARACTER OF HOUSE.

Although Alaska Pen. Code, § 128, expressly makes common fame competent evidence in support of an indictment for keeping a bawdyhouse for purposes of prostitution, such evidence alone is not sufficient proof to warrant a conviction, but there must be some evidence that the house was in fact kept and used for such purposes. Such evidence need not, however, be direct, but may be circumstantial.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Disorderly House, §§ 26–29.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

The plaintiffs in error, Lloyd Botts and James Haughey, were indicted by the grand jury of the District of Alaska for the crime of keeping a bawdyhouse for purposes of prostitution therein. The plaintiffs in error interposed pleas in abatement, alleging facts upon which the contention was made that the municipal court in and for the city of Nome, Alaska, had exclusive jurisdiction of the offense charged in the indictment, and that the District Court of the District of Alaska, Second Division, had no jurisdiction of said offense. Plaintiffs in error also filed demurrers to the indictment, raising the same questions of jurisdiction. The court overruled the pleas in abatement and the demurrers. Trial was had, and a verdict of guilty rendered. The plaintiffs in error were sentenced to imprisonment for the period of one year. This writ of error is prosecuted to obtain a review of the proceedings and rulings of the lower court, and to set aside the judgment of conviction, and to have the indictment dismissed and a new trial ordered.

W. H. Bard, James W. Bell, C. D. Murane, Hobbes & Bell, and James E. Fenton, for plaintiffs in error.

Henry M. Hoyt, U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge, after making the foregoing statement of the case, delivered the opinion of the court.

The same question of jurisdiction is presented by this writ of error that has been decided in the case of Rosencranz v. United States, 155 Fed. 38, and for the reasons announced in the opinion filed therein we affirm the action of the lower court overruling the pleas in abatement and the demurrers, and pass to the consideration of other points.

The record shows that the prosecution was conducted upon the theory that if the government proved that the reputation of the house situated upon the lot described in the indictment was that it was a bawdyhouse, and that if defendants as owners knew of such reputation, and with such knowledge received rentals from the occupant, they themselves became keepers of a bawdyhouse for purposes of prostitution, and were liable to punishment as such keepers. Upon this theory the court instructed the jury:

"That in all prosecutions for the offense of keeping a bawdyhouse, common fame or reputation is competent evidence in support of the indictment as to the character of the house. Therefore, if the house has the reputation of being a bawdyhouse or house of ill fame, beyond a reasonable doubt, that is sufficient to support a finding that it is such, if there is no evidence offered to the contrary."

The court refused to give in substance, or at all, an instruction requested by defendant that—

"under the statute common fame is made competent evidence of the character of the house in question, but reputation or fame alone is not sufficient evidence to warrant a conviction for keeping a bawdy house; there must be some other evidence showing that the house is actually used as a bawdyhouse for purposes of prostitution."

The question for decision, therefore, is whether evidence of the general reputation of a house is sufficient proof of its being bawdy and used for prostitution, or whether besides the ill repute of the house, some other evidence is necessary in order to justify the inference that it is bawdy. It is laid down that under the common law, evidence of the general reputation of the house would be inadmissible upon the issue of whether the house is a bawdy one. 14 Cyc. 503; State v. Plant, 32 Atl. 237, 67 Vt. 454, 48 Am. St. Rep. 821. But by statute, section 128, Alaska Code, "common fame" is expressly made competent evidence in support of an indictment such as we find in the present case. So that there is no room for contention that such evidence was inadmissible altogether, the point being, was it alone sufficient proof to sustain a conclusion that the house was in fact a bawdy one for purposes of prostitution? We must answer the question in the negative.

Undoubtedly there are some cases which hold that, where the evidence shows that a house is by general repute a bawdyhouse, the jury may find from such evidence alone that as a fact it is a bawdyhouse and used for immoral purposes. But where the offense charged is keeping a house of ill fame for purposes of prostitution, we believe there should be some evidence of the purpose or use for which the house was kept, besides that of common fame. If reputation alone is enough, then one may be tried and convicted of keeping a house commonly said to be a bawdyhouse for purposes of prostitution regardless of the question whether or not the house involved in the in-

quiry is in fact bawdy and used for such immoral purposes. On principle such a rule would be dangerous, and we must decline to approve it. There should be some additional evidence of the immoral purposes for which the house is kept; and, while it may not seem always easy to obtain testimony of such purposes, as a practical affair it ought not to be difficult, provided the reputation is based upon facts. The very same circumstances that have given a place its ill repute would ordinarily be ample additional evidence of the uses made of the house and the purposes for which it is kept. If men are seen going at unusual hours into a house where only women live; if obscene language and profanity are heard in the house; if drinking and boisterous conduct occur therein; if women clad in an unseemly way are about the premises; and if the women who live in the house are themselves reputed to be prostitutes—these are all circumstances which, when considered with the general reputation of the place, justify the conclusion that such a house is kept for purposes of prostitution. Drake v. State, 17 N. W. 117, 14 Neb. 535; State v. Steen, 101 N. W. 96, 125 Iowa, 307; State v. Hendricks, 15 Mont. 194, 39 Pac. 93, 48 Am. St. Rep. 666; State v. Boardman, 64 Me. 523; Toney v. State, 60 Ala. 97; 14 Cyc. 510; Greenleaf on Evidence, § 186. These views dispose of the case, and necessarily lead to a reversal because of substantial error in the charge of the court.

The judgment is reversed, and the cause remanded for a new trial.