### HALL v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. May 27, 1907.)

No. 1,405.

DISORDERLY HOUSE—PROSECUTION FOR KEEPING—PROOF OF CHARACTER OF HOUSE.

Although Alaska Pen. Code, § 128, expressly makes common fame competent evidence in support of an indictment for keeping a bawdyhouse for purposes of prostitution, such evidence alone is not sufficient proof to warrant a conviction, but there must be some evidence that the house was in fact kept and used for such purposes.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Disorderly House, §§ 26–29.]

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Plaintiff in error, defendant below, was tried and convicted under an indictment charging him with keeping and setting up a bawdyhouse for purposes of prostitution within the limits of the town of Nome, Alaska, the indictment being framed under section 127, tit. 1, of the Act of Congress, approved March 3, 1899, 30 Stat. 1272, which provides that if any person shall keep or set up a house of ill fame, brothel, or bawdyhouse for the purpose of prostitution, fornication, or lewdness, such person upon conviction thereof shall be punished by imprisonment in the county jail not less than three months nor more than one year, or by fine not less than $100 nor more·than $500. Defendant sued out a writ of error, and has assigned errors based upon rulings of the lower court and the instructions given to the jury.

Jas. W. Bell, C. D. Morane, Hobbes & Bell, A. H. Elliot, W. H. Bard, and James E. Fenton, for plaintiff in error.

Henry M. Hoyt, U. S. Atty.

Before GILBERT and ROSS, Circuit Judges, and HUNT, District Judge.

HUNT, District Judge, after making the foregoing statement of the case, delivered the opinion of the court.

Plaintiff in error first presents the same question of jurisdiction that we have considered and decided in the case of Rosencranz v. United States, 155 Fed. 38; Hornstein v. United States, 155 Fed. 48, and Botts v. United States, 155 Fed. 50. Upon the authority of those decisions we hold that the District Court for the District of Alaska had jurisdiction of the case, and that it properly overruled the plea and demurrer.

In this case, as in that of Botts and Haughey v. United States (just decided by this court) 155 Fed. 50, error is assigned upon the charge of the court that, "in all prosecutions for the offense of keeping a bawdyhouse, common fame or reputation is competent evidence in support of the indictment as to the character of the house. Therefore, if the house has the reputation of being a bawdyhouse or house of ill fame beyond a reasonable doubt, that is sufficient to support a finding that it was such, and if there is no evidence offered to the contrary. * * *" This was an erroneous statement of the law, as we have shown in the case of United States v. Botts and Haughey, supra, in that it authorized a conclusion upon one of the essential elements of the charge against the defendant upon a quantum of proof less than the law demands. It is not possible to regard the error as cured or without prejudice. The jury were not only directed that they could predicate a finding upon the measure of proof prescribed by the instruction, but the evidence in the record shows that proof of the reputation alone of the house alleged to have been kept by defendant was relied upon as sufficient, and that no evidence of use or purpose other than reputation was considered necessary.

Moreover, the plaintiff in error requested a charge that reputation or fame, while competent, was by itself "not sufficient evidence to warrant a conviction for keeping a bawdyhouse; there must be some other evidence showing that the house is actually used as a bawdyhouse"; but the court, consistent with its rulings throughout the trial, refused so to charge. Inasmuch as our opinion in United States v. Botts and Haughey, supra, covers the point under consideration, we do not deem it necessary to repeat the views we there laid down. We advise that upon a new trial the court reform its definition of a reasonable doubt so as to avoid the double definition which was given substantially in language which was criticised by this court in Owen v. United States, 130 Fed. 279, 64 C. C. A. 525.

The judgment is reversed, and the cause remanded for a new trial.