RAYMOND HOWARD *v*. THE STATE.*

(*Knoxville.*   September Term, 1924.)

1. **CRIMINAL LAW.** Objection that indictment did not aver frequenting to be open and notorious must be raised in trial court.

An indictment for common-law offense of frequenting a bawdyhouse should aver frequenting to be open and notorious, but objection to omission must be raised in trial court. (*Post, p.* 346.)

Case cited and approved:   Brooks v. State, 10 Tenn., 482.

2. **CRIMINAL LAW.** Motion in arrest of judgment cannot be made for first time in supreme court.

Under supreme court rule 14, subsec. 5, providing that no matter in arrest of judgment, not raised in trial court, will be considered, motion in arrest in criminal case cannot be first made in supreme court. (*Post, pp.* 346, 347.)

Case cited and approved:   Thurston v. State, 43 Tenn., 115.

3. **DISORDERLY HOUSE.** In prosecution for frequently bawdyhouse, reputation of house competent, but not sufficient to prove it disorderly.

In establishing character of house, in prosecution for common-law crime of frequenting bawdyhouse, evidence of its reputation alone, though competent, is not sufficient to prove it disorderly. (*Post, pp.* 347-349.)

Case cited and approved:   Reg. v. St. Clair, 3 Can. Crim. Cases, 557.

Cases cited and distinguished:   Botts v. United States, 155 F., 50; Editor's note, 46 L. R. A. (N. S.), 594.

*Headnotes 1.   Criminal Law, 17 C. J., section 3330;   Disorderly Houses, 18 C. J., section 79;   2.   Criminal Law, 16 C. J., section 2813; Disorderly Houses, 18 C. J., sections 92, 107.

*On necessity of corroborating evidence as to reputation of house to support a conviction of keeping a disorderly house, see note in 46 L. R. A. (N. S.), 593.

FROM MONROE.

Appeal from the Circuit Court of Monroe County.—
Hon. S. C. Brown, Judge.

J. D. Penland, for plaintiff in error.

Wm. H. Swiggart, Jr., Assistant Attorney-General, for
the State.

The plaintiff in error was indicted for the common-
law offense of frequenting a bawdyhouse. He was con-
victed, and has appealed in error to this court and as-
signed errors.

The point is made that the indictment is not sufficient,
in that it fails to aver that the frequenting of the bawdy-
house by the defendant below was "open and notorious."
This is an essential element of the offense, and this de-
fect in the indictment would have been fatal thereto, if
an objection had been properly made in the trial court.
*Brooks* v. *State,* 10 Tenn. (2 Yerg.), 482. There was,
though, no attack whatever on the indictment in the trial
court, and no motion in arrest.

It is urged, upon the authority of *Thurston* v. *State,*
43 Tenn. (3 Cold.), 115, that in a criminal case a motion
in arrest may be for the first time made in this court
in a case like the one before us. Such is not the prac-
tice now. Subsection 5, rule 14, of this court, 126 Tenn.,
723, provides that no matter in arrest can be considered
here, unless such matter was specifically called to the
attention of the trial court.

We cannot, therefore, entertain the motion in arrest made here.

Upon consideration of the evidence, however, we do not think it sufficient to sustain the verdict and judgment. The only evidence offered by the state tending to show that the house frequented by the plaintiff in error was a bawdyhouse was evidence of the reputation of the place. No proof of facts tending to show the character of the house appears.

There is quite a conflict of authority as to whether proof of the reputation of the place is admissible at all in a prosecution like this. The weight of authority is that such proof is competent. 18 C. J., 1266; note, 46 L. R. A. (N. S.), 593.

We are of opinion that such evidence should be admitted.

"Having regard to the circumstances from which such a reputation arises and the difficulty of obtaining other evidence in the ordinary way from unimpeachable witnesses, it seems unquestionable that reputation should be admitted as trustworthy and necessary evidence." Wigmore on Evidence, section 1620.

We do not think, however, that proof of reputation alone is sufficient to show that a particular house is a disorderly house. There should be other evidence of facts tending to confirm this reputation. If the reputation rests on a substantial basis, the circumstances upon which it rests can themselves be proven. If the reputation has no basis, then there should be no conviction. Such is the conclusion reached in many well-considered cases. See authorities collected in note, 46 L. R. A. (N. S.), 593.

As illustrating the views of the courts that have dealt with this matter, we may submit the following quotations:

"If reputation alone is enough, then one may be tried and convicted of keeping a house commonly said to be a bawdyhouse for purposes of prostitution, regardless of the question whether or not the house involved in the inquiry is in fact bawdy and used for such immoral purposes. On principle such a rule would be dangerous, and we must decline to approve it. There should be some additional evidence of the immoral purposes for which the house is kept, and, while it may not seem always easy to obtain testimony of such purposes, as a practical affair it ought not to be difficult, provided the reputation is based upon facts. The very same circumstances that have given a place its ill repute would ordinarily be ample additional evidence of the uses made of the house and the purposes for which it is kept. If men are seen going at unusual hours into a house where only women live, if obscene language and profanity are heard in the house, if drinking and boisterous conduct occur therein, if women clad in an unseemly way are about the premises, and if the women who live in the house are themselves reputed to be prostitutes, these are all circumstances which, when considered with the general reputation of the place, justify the conclusion that such a house is kept for purposes of prostitution." *Botts* v. *United States,* 155 F., 50, 83 C. C. A., 646, 12 Ann. Cas., 271.

"And a good reason for requiring corroboration of such evidence was stated in *Reg.* v. *St. Clair,* 3 Can. Crim. Cas., 557, 27 Ont. App. Rep., 308, that witnesses who speak

Howard v. State.

simply to a general reputation, without being able to point to anything bad, may easily attribute the character of a common bawdyhouse or house of ill fame to a house to which, however irregular may be the life of its inmates, the law does not affix that character. The court further said that though the evidence of general reputation of a house is admissible, it was not prepared to say that such evidence alone would be sufficient to convict; that such a reputation is not acquired without acts or conduct capable of proof from which the character of the house may be inferred; such as the character of the women as being common prostitutes, and the fact of men visiting the house at all hours, and dissolute and disorderly behavior there." *Editor's note,* 46 L. R. A. (N. S.), 594.

For the reasons stated, the judgment of the court below will be reversed, and this case remanded for a new trial.