## FIELDS v. DISTRICT OF COLUMBIA.

### No. 984.

Municipal Court of Appeals for the District of Columbia.

Submitted Dec. 4, 1950.

Decided Dec. 27, 1950.

William A. Tinney, Jr., Washington, D. C., for appellant.

Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Edward A. Beard, Asst. Corporation Counsel, all of Washington, D. C., for appellee.

Before CAYTON, Chief Judge and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant was convicted of being a vagrant, the information charging that she was "a person who keeps, and operates, and frequents, and lives in and is employed in a house and other establishment of ill fame."[1]

Appellant's main argument appears to question the sufficiency of the evidence establishing the house in question as one of ill fame. She argues that evidence of bad character of the inmates or of the reputation of the house is not sufficient, citing such cases as Botts v. United States, 9 Cir., 155 F. 50. This argument, however, misconceives the nature of the evidence here offered. There was proof that on numerous occasions, over a comparatively short period, persons were solicited by both women and men (the latter being dressed as women) to enter the house for immoral purposes. The solicitations were made either from the windows of the house or from the street in front of the house. Without reciting the details, there was direct and positive proof that the house was being used as one of ill fame.

Another contention of appellant seems to be that the government should have proved that occupants of the house previously arrested were duly convicted in court. We know of no authority to support this contention.

The final point made questions the proof of appellant's relation to the house. Since the charge here was vagrancy, proof that appellant kept, or operated, or frequented, or lived in or was employed in the house was sufficient.[2] Appellant was in the house on at least two occasions when former occupants were arrested and she was there when she was arrested. She told the arresting officer that she was the lessee of the premises and earned her livelihood by renting out rooms. The record is clear that appellant must have known the purpose for which the house was being used; and, whether or not appellant was keeping

1. Code 1940, Supp. VII, § 22—3302.

2. District of Columbia v. Hunt, 82 . U.S. App.D.C. 159, 163 F.2d 833.

or operating a house of ill fame, she was living in or frequenting one. There was ample evidence to support her conviction.

Affirmed.