STATE OF IOWA, Appellee, v. BENNIE KETUROKIS, Appellant.

No. 42919.

DECEMBER 14, 1937.

E. S. Thayer, for appellant.

492

John H. Mitchell, Attorney General, Buell McCash, Spec. Asst. Attorney General, Carl A. Burkman, County Attorney, and Francis J. Kuble, Asst. County Attorney, for appellee.

DONEGAN, J.—The indictment in this case is as follows:

"The Grand Jury of the County of Polk, in the State of Iowa, accuse Paul Fisher and Bennie Keturokis of Rape as defined in section 12966 of the 1931 Code of Iowa, and charge that Paul Fisher and Bennie Keturokis raped, carnally knew, and abused Louise M. Long."

To this indictment the defendants filed a demurrer which alleged, in substance, (a) that the indictment does not charge an offense by using the name given to an offense by statute; (b) that the indictment does not charge an offense either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning. By an amendment to the demurrer the defendants alleged that a prosecution under the indictment would be in violation of section 10, article I, of the Constitution of Iowa. By a second amendment they charged: (a) that a prosecution under the indictment would be in violation of Article I, section 9, of the Constitution of Iowa; (b) that such a proceeding would be in violation of the Fourteenth Amendment to the Constitution of the United States; (c) that the provisions of section 13732-c33 of the Code of Iowa, providing a permissible form for a so-called offense of rape, is in violation of sections 9 and 10 of Article I of the Constitution of Iowa, and of the Fourteenth Amendment to the Constitution of the United States. This demurrer and the amendments thereto were overruled, and the first ground of error relied upon by the appellant for reversal is the action of the court in thus overruling his demurrer and amendments thereto.

I. Appellant contends that the demurrer should have been sustained, because the indictment did not charge any offense against him, in accordance with the provisions of section 13732-c2 of the Code of Iowa. Said section is as follows:

"The indictment may charge, and is valid and sufficient if it charges, the offense for which the accused is being prosecuted in one or more of the following ways:

"1. By using the name given to the offense by statute.

"2. By stating so much of the definition of the offense, either in terms of the common law or of the statute defining the offense, or in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged.

"The indictment may refer to a section or subsection of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference."

Appellant argues that the indictment does not charge an offense by using the name given to such offense by statute, as provided in subdivision 1 of said section, because section 12966, to which reference is made in the indictment, does not give any name to any offense described therein; and that it does not charge an offense by stating so much of the definition of such offense, either in terms of the. common law or of the statute, or in terms of substantially the same meaning, because it contains no definition whatever of the crime of rape, as provided in subsection 2 of said statute.

■■■ As to appellant's contention that the indictment does not charge any offense under subdivision 1 of section 13732-c2, 1931 Code of Iowa, because it does not use the name given to any offense by statute, it must be conceded that section 12966 of the 1931 Code of Iowa does not contain the word "rape". The appellee meets this contention with the assertion that this section appears in chapter 566 of said Code; that at the top of this chapter there is the title "RAPE", showing that this is the subject matter of the chapter; that the offense described in this section is the crime of rape; that this section is a codification of a statute enacted by the legislature; and that, as enacted by the legislature, the Act, of which Code section 12966 is a part, contained the word "rape", and clearly and expressly shows that this section defines and provides punishment for the crime of rape. Since territorial times our statutes always defined the crime of rape in language substantially the same as that appearing in section 12966. The code section containing this definition as now numbered, 12966, made its first appearance in the Code of 1924, as a codification of an act known as chapter 192 of the laws of the 39th General Assembly. As found in the Code of 1924 it is a part of chapter 566 under the heading "RAPE". As it ap-

pears in the published laws of the 39th General Assembly it is as follows:

## "RAPE
### H. F. 431.

"AN ACT to define the crime of rape and provide for punishment for its commission; to establish the age of consent for a female; and to repeal section four thousand seven hundred fifty-six (4756) of the code.

"Be it enacted by the General Assembly of the State of Iowa:

"Section 1. Rape. If any person ravish and carnally know any female of the age of sixteen (16) years or over, by force or against her will, or if any person under the age of twenty-five (25) years carnally know and abuse any female child under the age of sixteen (16) years, or if any person over the age of twenty-five (25) years carnally know and abuse any female under the age of seventeen (17) years, he shall be imprisoned in the penitentiary for life or any term of years."

In 1925 the legislature passed an act known as chapter 197 of the laws of the 41st General Assembly which, omitting the chapter number, appears in the published laws of that assembly as follows:

## "CRIME OF RAPE
### S. F. 49

"AN ACT to amend, revise, and codify section twelve thousand nine hundred sixty-six (12966), code, 1924, relating to the crime of rape.

"Be it enacted by the General Assembly of the State of Iowa:

"Section 1. Section twelve thousand nine hundred sixty-six (12966), code, 1924, is amended, revised, and codified to read as follows:

" '12966. Definition—punishment. If any person ravish and carnally know any female by force or against her will, or if any person carnally know and abuse any female child under the age of sixteen years, or if any person over the age of twenty-five years carnally know and abuse any female under the age of seventeen years, he shall be imprisoned in the penitentiary for life, or any term of years, not less than five, and the court may pronounce sentence for a lesser period than the maximum, the

provisions of the indeterminate sentence law to the contrary notwithstanding, and when a lesser than the maximum sentence is pronounced, the prisoner shall be subject to the jurisdiction of the board of parole.'

"Approved April 3, A. D. 1925."

Section 12966, as it appears in that act, appears in the Codes of 1927, 1931 and 1935, under the same number and as a part of chapter 566 which bears the heading "RAPE". We do not think it can be said that the indictment was insufficient under subdivision 1 of section 13732-c2, because it did not use the name given to the offense by statute.

■■■ But, even if the indictment was insufficient under subdivision 1 of this section, and, even if it did not comply with subdivision 2 of the section, by stating the definition of the offense, either in terms of the common law or of the statute defining the offense, we do not think it can be said that it did not comply with the further provision of said subdivision, which permitted it to be stated "in terms of substantially the same meaning, as is sufficient to give the court and the accused notice of what offense is intended to be charged." The indictment expressly accused the defendant "of Rape as defined in section 12966 of the 1931 Code of Iowa," and it further charged that the defendant "raped, carnally knew, and abused Louise M. Long." As stated in 52 C. J. 1005, sec. 1:

"Rape, at common law, is the unlawful carnal knowledge of a woman over the age of ten years forcibly and without her consent, or, as it is otherwise expressed, by force, or forcibly, and against her will; or, under an early English statute, declaratory of the common law and which is a part of our common law, such knowledge of a female child under the age of ten years, either with or without her consent."

As further stated in said section:

"Rape has also been defined generally as the act of having carnal knowledge, by a man, of a woman, forcibly and against her will, or without her conscious permission, or where permission has been extorted by force or fear of immediate bodily harm."

Whether the legal common law definition or the general def-

inition of the word "rape" be considered, the indictment, by accusing the defendant of rape, and by charging him with having raped, carnally known, and abused Louise M. Long, did so in terms having substantially the meaning that he was accused with having carnal knowledge of Louise M. Long, a female, forcibly and against her will, and it cannot be said that this language was not sufficient to give the court and the accused notice of the offense intended to be charged.

■■■ Moreover, section 13732-c2 contains the further provision that "the indictment may refer to a section or subdivision of any statute creating the crime charged therein, and in determining the validity or sufficiency of such indictment regard shall be had to such reference." The indictment accused defendant of rape "as defined in section 12966 of the 1931 Code of Iowa," and by reference to chapter 566 of the 1931 Code of Iowa, in which this section appears, it is found that the chapter is entitled "Rape", and that section 12966 describes and provides punishment for any person who shall ravish and carnally know any female by force and against her will. It is true this section also provides for the punishment of any person who shall carnally know and abuse any female child under the age of 16 years, or any person over the age of 25 years who shall carnally know and abuse any female under the age of 17 years, but, if the defendant could possibly have had any doubt as to whether the accusation against him involved either of these conditions, we think the information that he might require in this regard was already available in the minutes of the evidence given by the witnesses before the grand jury, which it must be presumed were furnished to him, or could be obtained by a bill of particulars for which provision is made in the chapter of the Code dealing with indictments.

It must be further noted that section 13732-c33 of the 1931 Code of Iowa provides short forms of the accusations that will be sufficient in the cases in which they are applicable, and among the forms set out is this: "Rape—A. B. raped C. D." We are satisfied that the indictment complied with the requirements of the statute and that the trial court properly overruled the grounds of the demurrer attacking its sufficiency in this regard.

■■■ As to the further grounds of the amendment and second amendment to the demurrer, in which it is claimed that the

prosecution of the indictment would be in violation of section 10, Article I, of the Constitution of Iowa; that it would be in violation of Article I, section 9, of the Constitution of Iowa; and that it would be in violation of the Fourteenth Amendment to the Constitution of the United States; we think it sufficient to say that these objections to what is known as "the short form of indictment" have already been considered and determined by this court in the cases of State v. Henderson, 215 Iowa 276, 279, 243 N. W. 289, 290, and State v. Engler, 217 Iowa 138, 145, 251 N. W. 88, 92. In the Henderson case, as in the instant case, it was argued that chapter 638 of the Code of 1931, which contains the provisions of our law in regard to what is known as "the short form of indictment", was unconstitutional, because it did not fully apprise the defendant of the offense of which he was attempted to be charged. In disposing of this contention, Mr. Justice Albert, who wrote the opinion, said:

"This objection, of course, is untenable because section 13732-c4 of the present Code specifically provides that if the same fails to inform the defendant of the offense sufficiently to enable him to prepare his defense, or to give him such information as he is entitled to under the constitution of this state, the court may, of its own motion, and shall, at the request of the defendant, order the county attorney to furnish a bill of particulars containing such information as may be necessary for these purposes, or the county attorney may of his own motion furnish such bill of particulars.

"The defendant was therefore fully protected in this respect, and the law is not subject to the criticism that the same is a violation of the Constitution."

In the Engler case the opinion was written by Mr. Justice Kintzinger and contains an exhaustive review of cases involving our own statutes in regard to the short form of indictment and similar provisions in other jurisdictions. In sustaining the short form of indictment, as provided by our statute, the opinion says:

"All crimes in this state are made so by statute. The legislature has the power to determine what constitutes a crime, and, when it has done so, it may also provide for giving the information of the crime necessary to be included in the indictment, for the information of the one accused."

We think the indictment in this case was a sufficient compliance with the statute, section 13732-c2, that it was sufficient to give the court and the accused notice of the offense intended to be charged, and that it in no way violates the constitutional provisions invoked by the defendant in his demurrer.

■■ II. In this case the State filed what it denominated an amendment to the indictment, which added thereto the words: "a female, by force and against her will." The defendant filed a resistance and objections to this amendment which was overruled by the trial court. This ruling of the trial court is alleged to be error and is the basis of appellant's second ground relied on for reversal on this appeal. The grounds of appellant's resistance and objections, which he here claims the trial court erred in overruling, were, in substance,—1, that the indictment as presented does not charge the defendant with the violation of any statute of the State of Iowa, does not charge him with the commission of any crime, and is not subject to amendment; 2, that the proposed amendment seeks to incorporate in the indictment an essential allegation, without which the indictment does not charge any offense and the addition of which would constitute a different indictment than that returned by the grand jury, and that the prosecution of the defendant thereunder would be a violation of section 9, Article I, and of section 11, Article I, of the Constitution of Iowa, in that the defendant would be tried on an indictment not returned by a grand jury. It will be noted that both of these grounds are based upon the insufficiency of the indictment, as originally presented by the grand jury, to charge a crime. Appellant cites numerous authorities in support of these grounds of his resistance to the amendment, but in none of these authorities was the indictment, without the addition thereto made by the amendment, held to be sufficient. A situation similar to that in the instant case was presented in the case of State v. Dowling, 204 Iowa 977, 216 N. W. 271, and this court held that, since the indictment as presented was sufficient to charge an offense, the additional words attempted to be made a part of the indictment by amendment were mere surplusage, and that any error of the court in refusing to strike such additional words affected the form only of the indictment and not the substance, and was not prejudicial. We find no reversible error in the action of the

trial court in overruling the appellant's resistance and objections to the amendment to the indictment.

III. Fourteen other errors are alleged by the appellant as grounds for reversal. Some of these grounds relate to the rulings of the court upon evidence, others to instructions given by the court and to which exceptions were taken by the defendant, and the final allegation of error is that the court erred in imposing a sentence of life imprisonment upon the appellant. We have examined each and all of these alleged errors and arguments presented in support thereof, and we are satisfied that, in none of the court's rulings which are thus attacked was there any prejudicial error.

Finding no prejudicial error in the judgment and rulings of the court, from which this appeal has been taken, such judgment and rulings must be and are hereby affirmed.—Affirmed.

HAMILTON, C. J., and MITCHELL, ANDERSON, KINTZINGER, STIGER, and SAGER, JJ., concur.