[File No. Cr. 185.]

## STATE OF NORTH DAKOTA, Respondent, v. J. D. BREWSTER, Appellant.

(7 NW(2d) 742.)

Opinion filed February 2, 1943.

J. K. Murray, for appellant.

Alvin C. Strutz, Attorney General, C. F. Kelsch, Assistant Attorney General, Irving Koths, and Earl C. Erickson, State's Attorney, for respondent.

BURR, J. This matter is determined after rehearing. The defendant was convicted of the crime of larceny; the information being drafted in accordance with the provisions of § 9914 of the Comp. Laws, which provides that: "One who finds lost property under circumstances which give him knowledge or means of inquiry as to the true owner, and who appropriates such property to his own use, . . . without having first made such effort to find the owner and restore the property to him as the circumstances render reasonable and just is guilty of larceny."

The defendant was sentenced to imprisonment in the state penitentiary for the period of two years.

The defendant moved for a new trial, basing his motion on five specifications of error; but the only ones necessary to consider are numbers four and five, as follows:

4. That the court misdirected the jury in a matter of law and erred in the decision of various questions of law arising during the course of the trial.

5. That the verdict is contrary to law and clearly against the evidence.

In support of specification No. 4 the defendant sets forth ten alleged errors in the charge, which we consider together.

With reference to specification five we hold that there is little if any merit therein. We cannot say the verdict is "clearly against the evidence." Later, we show that the majority of the court feels the evidence is of such character that portions of the charge to the jury alleged to be erroneous were prejudicial to the defendant in the light of the factual situation.

The gist of the evidence, from the standpoint of the state, is that one Weinhandl owned thirty-three sheep that were lost and were found by the defendant who appropriated them to his own use without making any effort to find the owner. The defense, among other things, was based upon the contention that the defendant never saw the sheep, never had them in his possession, never appropriated them and consequently never had the duty to learn who was the owner or to make any effort to ascertain the owner and restore the property to him.

It is the contention of the defendant that the term "lost property" as used in § 9914 has no reference to living property; that the statute does not apply to the finding of sheep or other animals that have become separated from their owners and have strayed away; that the sheep may have been eestrays; but not lost.

One of the basic elements characterizing estrays is that they are away from the control of the owner, with no knowledge of their location. Estrays may be wholly lost to the owner. See Sturges v. Raymond, 27 Conn 473, 477. Indeed Webster uses sheep as illustrative of the word lost, referring to the "lost sheep."

Property does not need to be void of life in order to be classified as lost. Animals may be as much lost to the owner and be as important as inanimate property may be. The term "lost" is concerned with the involuntary change of location or inability to find rather than with viability, being more than merely mislaid. Hence livestock may be lost and the finding of such property if dealt with as stated in § 9914 of the Comp. Laws, is punishable as prescribed in the statute.

The court, in the charge to the jury, defined grand larceny and petit larceny saying: "Grand larceny is larceny where the property taken exceeds in value the sum of $20, and in this case the evidence discloses the value in excess of that amount, and the parties have agreed that the property in question did exceed $20 in value, so we will have

nothing to do with petit larceny, either he is guilty of grand larceny or he is not guilty at all." Appellant urges no agreement as to value was made.

Without considering whether it was error to so charge under the record of this case, it is clear it could not be prejudicial to the defendant. During the trial of the case, when the court asked whether there was any dispute in question as to the value exceeding $20, counsel for defendant replied, "We don't care whether they were worth a million dollars." And when the court asked, "so there will be no instructions on petit larceny?" The Counsel replied, "No."

Again it is immaterial what was the actual value of the property, if it had any value at all, as § 9918a Supp. provides: "When it appears upon the trial on an information—for either petit larceny or grand larceny, that the larceny alleged consists of the taking of either poultry or other livestock, the offender shall be punished by imprisonment for not less than 6 months in the county jail and not exceeding five years in the penitentiary."

Consequently if the defendant was guilty of the crime charged in the information he was guilty of larceny as provided in § 9914 of the Comp. Laws and punishable under the provisions of § 9918a of the Supp. Hence it was not necessary for the court to inform the jury as to the difference between grand larceny and petit larceny in this case. Doing so could not be prejudicial. If a crime was proven it was the crime of larceny of livestock, the assessment of punishment was in the hands of the court and doubtless the court would be guided by consideration, among other things, of the nature and quality of the property taken.

As the decision of this court is that a new trial should be granted a great many of the other objections which are set forth on this appeal need not be considered. It is not likely these will arise on another trial.

In charging the jury the court stated:

"I will instruct you that when lost property is found that the finder has the same obligation with respect to lost property as he would have with reference to estrays taken up. I will read you the section of our law with reference to estrays:

" 'No person shall take up an estray animal except in the county wherein he resides and is a householder, nor unless such estray is found in the vicinity of his place of residence, nor take up an estray animal mentioned in the next section during the period when it shall be lawful for stock to run at large in said county, unless the same is found trespassing upon the premises or within the enclosure of the person taking up the same.

" 'Each person taking up an estray horse, mare, colt, ass, mule or neat cattle, sheep, hog or goat shall, within ten days thereafter, give notice of finding and taking up of said animal, in the nearest weekly newspaper published in the county where such animal is found. Such notice shall truly describe the animal found by giving its color, sex, probable age and weight and all the marks and brands thereon, etc.' "

The court then charged:

"Now, you will recall that in the fore part of my instructions I set forth six elements of crime which the State would be required to prove by evidence beyond a reasonable doubt, and one of those elements was the fact that such property had been lost. Now, in that connection I wish to instruct you further that if you find from the evidence beyond a reasonable doubt that if the defendant did take into his possession the property in question as lost property and failed to advertise as required by law, I instruct you as a matter of law that such facts standing alone raise no presumption of the defendant's guilt. Such facts, if found by you to exist, are merely circumstances to be considered by you in passing upon his guilt or innocence. Before you can find the defendant guilty of the offense charged you must find from the evidence beyond a reasonable doubt the different elements necessary to constitute such crime as already outlined.

"The fact that the defendant might be liable for damages for his failure to advertise the property should not be considered as a presumption of guilt against him in this criminal information. It is merely a factor along with these others which you should consider under the instructions which I have already given you."

The court also charged the jury as follows: "In part of the testimony there was some evidence with reference to the defendant having removed a brand or brands from certain sheep. If you find under

the evidence that the defendant did remove brand or brands from certain sheep, and you will need to find that by evidence that convinces you of its truth beyond a reasonable doubt, that act under our statute would also be a crime, but the fact that those acts may constitute another crime should not be considered by you in this case as any presumption of crime committed by him under the information in this case. You may consider the act of removing the brands, if you so find it, as an element or circumstance in connection with the commission of the crime of grand larceny charged in the information, but if you do not find him guilty of the act complained of in the information you should not find him guilty because he committed this other crime. If he did that act, that act would be merely one of the elements or circumstances in connection with the commission of this crime."

We do not commend reading to the jury the statute law dealing with crimes other than the crime charged, and we do not think it was necessary for the court to do so in this case. It is the duty of the court to state to the jury clearly and fully all of the law involved in the case at bar, and where the court reads that part of the statute applicable to such case, and that part only, we have held it is proper. State v. Farrier, 61 ND 694, 240 NW 872. But in this case at bar the court read statute law dealing with a wholly different subject. In doing so did the court commit prejudicial error, in the light of the record? Defendant urges that the effect of this reading was to co-mingle crimes to the confusion of the jury.

From the record it is taken for granted that Weinhandl lost thirty-three sheep. The state produced witnesses who testified: that defendant saw the sheep near his premises; the next day or two they were on his premises within his enclosures; that he actively handled them, changed the brands thereon, co-mingled the property with his own; made no attempt to find the owner, and afterwards disposed of them. This is vigorously denied by the defendant. The defendant did not set up the defense he had taken up estrays. His defense was he never had the property, and never saw the property. He offered testimony showing he never had possession, and thus possession by the defendant,

and his disposition of the lost property were required to be proved by the state beyond a reasonable doubt.

The duty placed upon the defendant, under § 9914 of the Comp. Laws, is to make "such effort to find the owner and restore the property to him as the circumstances render reasonable and just." The statute does not require advertising of lost property as does the statute dealing with estrays. What is "reasonable and just" is to be determined by the jury.

It is argued by the state that the court did not say defendant had to fulfill the law dealing with estrays; that the court merely said he had the same obligation toward an owner of lost property as one who takes up estrays has toward the owner of the estrays: that is, he has the obligation of making a reasonable and just effort to find the owner and the court expressly stated that the defendant could not be convicted for failing to observe the estray law or for changing brands, but that in ascertaining what was the intent of the defendant in taking possession of the property if they found that he had taken possession of the property (and they so find if they believed the state's witnesses) failure to do what the law reasonably required a man to do with reference to estrays and the changing the brands, if he did so, could be considered in determining the intent of the defendant in appropriating the property; that all this was based upon the general proposition that before considering these things the jury were required to find the defendant found the lost property and had taken it and appropriated it to his own use. Thus by cautioning against considering these other crimes the court was safeguarding defendant.

The appellant urges that all reference to the law of estrays and to the crime of changing brands introduced extraneous matter which could not help but confuse the jury so that the jury could find the defendant was guilty of one or more of these other crimes when considering the whole matter; and therefore it would have the effect of leading the jury to believe that if he violated the quoted law with reference to the property of another it would be clear he was guilty as charged.

The majority of the court is of the opinion that the issues involved in the crime charged are of such a nature and the evidence produced

416

is of such doubtful character, that the bringing to the attention of the jury the law regarding estrays, when there was no claim set up by the defendant that the property came into his possession as estray; the statement of the obligation resting upon the defendant; and the reference to the crime of changing brands in a case where the defendant denied specifically that he changed brands was error. To say he had the same obligation would imply he should do what was required of one taking up estrays and failure to do so would indicate guilt of the crime charged and therefore, in the mind of the court it was confusing to the jury so that in the light of the evidence as viewed by majority of the court the error was prejudicial, as one might be able to make a reasonable and just effort to find the owner without advertising, if the jury so determined.

The writer, however, is of the opinion that the evidence is such that the verdict of the jury is well sustained; that the alleged errors in the instructions arose through an excess of caution on the part of the court to prevent the jury from finding the defendant guilty of any other crime than the one charged and so the instructions could not mislead the jury and were not prejudicial. However, this court holds otherwise. The judgment therefore is set aside, the order denying new trial is reversed and a new trial is granted.

MORRIS, Ch. J., and BURKE, CHRISTIANSON, and NUESSLE, JJ., concur.