[Cr. File No. 241]

THE STATE OF NORTH DAKOTA, Respondent, v. MARGARET SIMPSON, Appellant.

(50 NW2d 661)

Opinion filed December 13, 1951. Rehearing denied January 11, 1952

*Paul Campbell,* for appellant.

*Elmo T. Christianson,* Attorney General; *Harry Halstead,* Assistant Attorney General; and *Halvor L. Halvorson, Jr.,* State's Attorney of Ward County, for plaintiff.

MORRIS, Ch. J. The defendant appeals from a judgment of the district court convicting her of "the crime of Assignation in the Second Degree." She was sentenced to be confined in the County Jail of Ward County for a period of one year and to pay costs of the action in the sum of $728.00, and in event of her failure to pay the costs, she was required to serve an additional 300 days in the Ward County Jail. The defendant was arrested upon the criminal complaint of a member of the police force of the City of Minot. The complaint charged the defendant with

"Prostitution, Lewdness, & Assignation." She was bound over to the District Court of Ward County for trial at the September Term of that court. She filed an affidavit of prejudice against the presiding judge, whereupon the supreme court designated Honorable J. J. Kehoe, one of the judges of the Second Judicial District, to preside. He presided throughout all subsequent proceedings that terminated in the defendant's conviction.

On October 18, 1950, the defendant was arraigned and pleaded "not guilty" and "once in jeopardy" after moving to quash the information upon the ground that it is duplicitous and that it does not state facts sufficient to constitute a cause of action. The next step was an application on the part of the defendant for a change of place of trial from the District Court of Ward County upon the ground that it was impossible to obtain a jury in Ward County that had not formed an opinion as to the guilt or innocence of the defendant. The defendant's application was granted by order of the court of October 20, 1950, and the place of trial was changed to the District Court of McHenry County where the case was later tried to a jury that found the defendant "guilty as charged in the information of the crime of Assignation in the Second Degree."

The defendant made no motion for a new trial but appealed from the judgment, and in support of her appeal presents eleven assignments of error. The first and tenth assignments will be considered together. One charges error on the part of the trial court in overruling the defendant's motion to quash the information and the other challenges certain instructions of the court based upon the information. The information upon which the defendant was arraigned charges that she "did commit the crime of Prostitution, Lewdness, and Assignation committed as follows to-wit:

"That at the said time and place the said Margaret Simpson did wilfully and unlawfully receive persons into her place at 228 3rd St. S. W. in the city of Minot in said County for the purpose of prostitution, lewdness, and assignation, in violation of Section 12–2214 and 12–2215 of the North Dakota Revised Codes for 1943."

The motion to quash, made at the time of the arraignment, was later denied. The defendant also moved that the state be required to elect as to which offense it would proceed upon. The court appears to have directed an election pursuant to which, on the following day, the state moved "that the terms 'prostitution and lewdness' be stricken out of the information as filed, wherever they appear in the same." This motion was granted by the trial court. No amended information leaving out the words that the court had ordered stricken was served or filed and the defendant was not again arraigned and no new plea was entered. However, the defendant appears to have been satisfied with the proceedings thus far. Before granting the state's motion the court asked defendant's counsel: "Is that satisfactory, Mr. Campbell?" to which defendant's counsel replied: "Yes." After the motion was granted, defendant's counsel stated: "I withdraw application for Bill of Particulars." The motion to quash was not renewed, nor was the information again attacked, either during or at the close of the trial, by a motion in arrest of judgment or otherwise. Such errors of procedure as may have occurred regarding the amendment of the information and the arraignment of the defendant were clearly waived and cannot be taken advantage of on this appeal. Hack v. State, 141 Wis 346, 124 NW 492, 45 LRA(NS) 664; Huffman v. State, 46 Okl Cr Rep 377, 287 Pac 1090. By failure to move to quash an information before he pleads thereto, a defendant waives all objections to the information which are grounds for a motion to quash except those which are also grounds for a motion in arrest of judgment. Section 29–1412 RCND 1943. Grounds for a motion in arrest of judgment are set forth in Section 29–2502 RCND 1943.

Before discussing the assignment of error pertaining to the instructions of the court, we deem it advisable to consider the information as filed and the effect thereon of the state's motion deleting certain words, as well as the statutory definitions pertinent to the terms used.

Section 12–2214, paragraph 3, RCND 1943 makes it unlawful "To receive or to offer or agree to receive any person into any

place, structure, building, or conveyance for the purpose of prostitution, lewdness, or assignation, or to permit any person to remain there for such purpose;"

Section 12–2215 states that: "2. 'Prostitution' shall include the offer or receiving of the body for sexual intercourse for hire, and the offer or receiving of the body for indiscriminate sexual intercourse without hire;

"3. 'Lewdness' shall include any indecent or obscene act; and

"4. 'Assignation' shall include the making of any appointment or engagement for prostitution or lewdness or any act in furtherance of such appointment or engagement."

The terms "prostitution," "lewdness," and "assignation" are not the names of crimes and are not defined as such in our statutes. These terms denote acts. Many courses of conduct related to these acts are made unlawful by Section 12–2214 and these courses of conduct are made crimes for which punishment is provided by Sections 12–2216 and 12–2217 RCND 1943.

The name given or attempted to be given in an information is not controlling as a statement of the crime charged. State v. Woodell, 22 ND 230, 132 NW 1003; State v. Keturokis, 224 Iowa 491, 276 NW 600.

"When the facts, acts and circumstances are set forth with sufficient certainty, it is not a fatal defect that the indictment gives the offense no name, or an erroneous name." Syllabus 1, State v. Bendickson, 62 ND 201, 242 NW 693.

The information in this case charged that Margaret Simpson received persons into her place at 228 3rd St. S.W. in the City of Minot "for the purpose of prostitution, lewdness, and assignation, . . . ." This is clearly a statement of acts declared to be unlawful by paragraph 3 of Section 12–2214 RCND 1943. When upon motion of the state, the words "prostitution and lewdness" were stricken from the information, the defendant remained charged with receiving persons into her place for the purpose of assignation, an act still forbidden and made unlawful by the statute above referred to. The information upon which the defendant was tried sufficiently charges her with the commission of a crime.

We will now consider the defendant's assignment of error number 10. The defendant complains of the fact that the court read to the jury as a part of his instructions the information as originally filed and before the words "prostitution and lewdness" had been stricken out. In doing this the court did commit error, but it was error favorable to the defendant in that the state's burden was greater under the original information than it was after the deletion had been permitted by the court. The jury were advised that "all the material allegations of this information that I have read to you and of which I have spoken, must be proved to your satisfaction beyond a reasonable. doubt." The information as read included within its allegations the purposes of prostitution and lewdness, in addition to assignation. The wording of the original information was .conjunctive and under it the burden of proof on the part of the state was no less than it was under the deleted or amended information which named the single purpose of assignation. The error complained of did not disadvantage the defendant, who suffered no prejudice therefrom.

Section 29–2111 RCND 1943 provides that the neglect or refusal of a defendant to testify shall not create or raise any presumption of guilt against him. The trial court so instructed the jury and the defendant now contends that this instruction is error in the absence of a request for such an instruction on the part of the defendant. There is no merit in this contention. State v. Wisnewski, 13 ND 649, 102 NW 883; State v. Gates, 52 ND 659, 204 NW 350. There are other assignments of error pertaining to instructions that were given of insufficient merit to require discussion. The defendant also contends that the court erred in failing to give ten requested instructions. All but two of the requests pertained to subjects that were adequately covered by the instructions that were given. One of the instructions that was refused the defendant does not now contend should have been given, but as to the other it is argued that it was error for the trial court to instruct as follows:

"Under our Law, if one by word, action or conduct, wilfully and unlawfully receives another into the residence of the former,

and does that act for the purpose of prostitution or lewdness therein by the one received, the one so receiving is guilty of the crime of assignation. The indulgence in such prostitution or lewdness by the one so received, as a result of being so received, is not an essential element of the crime of assignation." There is no complaint made with regard to the use of the term "crime of assignation" in this instruction, but it is contended that the following requested instruction correctly states the law and should have been given:

"A disorderly house, vagrancy, or disorderly conduct is not limited to and *may be* other than a house of prostitution, lewdness or assignation, and before evidence of either can be held to establish a place, structure, or building as a place, where persons are received or permitted to remain for the purpose of prostitution, Lewdness or assignation, it must be shown that the house was used in fact for such purpose or purposes."

The fallacy of the defendant's contention and the inappropriateness of the requested instruction is best demonstrated by referring to the statute under which the information is drawn and which we have quoted above. It is made unlawful to receive or offer or agree to receive any person into any place for either of the three purposes set out in the statute. Proof of whether that place had ever before been used for or was the scene of the accomplishment of an illegal purpose is unnecessary. It is the purpose that is made unlawful, regardless of the history of the place or the ultimate indulgence in prostitution, lewdness, or assignation. This question, however, is actually of little moment in this case for there is ample evidence of the unsavory reputation of the defendant and of the house in which she lived. This brings us to another assignment of error.

The defendant claims it was error to permit various witnesses to testify that the reputation of the defendant and of her house for morality was bad. The testimony under consideration is made admissible by Section 12–2221 RCND 1943 which provides that in a trial involving violations of Section 12–2214 "testimony concerning the reputation of any place, structure, or building, and of the person or persons who reside in or frequent the same,

and of the defendant, shall be admissible in evidence in support of the charge." See also State v. Mott, 53 ND 222, 205 NW 234; State v. Farrier, 61 ND 694, 240 NW 872.

The defendant claims error in connection with two objections to portions of the argument of the state's attorney to the jury. The objections were based on the ground that the state's attorney misstated the evidence. In each case the court replied: "The jury will remember." The record does not disclose what the state's attorney said. Nor does it appear that any request was made by the defense counsel to incorporate in the record the statements to which objections were made. Obviously there is nothing for this court to pass upon. In the absence of a record we do not know whether the statements were or were not proper.

"In order to avail himself of error resulting from improper argument and protect himself against it, the defendant must take proper steps." State v. Braathen, 77 ND 309, 43 NW2d 202.

One of the indispensable steps to the right of the defendant to have the matter reviewed in an appellate court is to provide a record upon which the appellate court can determine the merits of the controversy. In this instance no such record was made or requested to be made. There is no merit in this contention.

Defendant's counsel assigns error as the result of this situation. The transcript shows:

"Oral instructions to the jury given by Judge Kehoe." The judgment roll certified to us contains an instrument entitled "ORAL INSTRUCTIONS TO JURY" which is typewritten in full and signed by the trial judge. Near the close of the instrument appears this statement: "You will take these instructions to your jury room too and consider them as a whole." The instructions do not appear in the transcript and apparently were not taken down by the court reporter. The defendant argues that it was error to direct a jury to take the instructions given as oral instructions to the jury room and consider them as a whole. This contention is clearly without merit. If we assume that counsel's position is correct and that the instructions were given as an oral charge to the jury, there was, nevertheless, no error committed by submitting them in writing to the jury. Section 28-1411 contemplates that this may be done.

"When oral instructions are given, they shall not be taken by the jurors in retirement unless, after they have been transcribed, it is so ordered by the court." Thus, the court is authorized to direct that oral instructions, after they have been reduced to writing, be taken by the jury in retirement.

If the instructions in question be considered as written instructions, it was mandatory that they should be taken by the jury. The same section provides: "If written instructions are given, they shall be signed by the judge and shall be taken by the jurors in their retirement." There was no prejudicial error in the manner in which the instructions were placed before the jury.

The defendant challenges the sufficiency of the evidence, to sustain the verdict. We need not dwell upon the evidence in detail. It is sufficient to say that it is ample to warrant a finding of the jury that the defendant did wilfully and unlawfully receive the complaining witness into her place of residence at 228 3rd Street S. W. in the City of Minot for the purpose of assignation. Throughout the trial both the state and defense treated the unlawful act charged in the information and proved by the evidence as "assignation" and it was this crime in the second degree of which the defendant was convicted by the jury.

"The information is sufficient. Where the legislature makes the doing of certain acts criminal, without designating the crime by any specific name, the acts are none the less criminal and one committing them may be prosecuted for their commission. The name, 'immorality,' in the information and verdict may be treated as mere surplusage. The facts inhibited are clearly stated in the information and there is no suggestion that the defendant was mislead or prejudiced by the insertion of the name 'immorality,' even if unwarranted. The verdict, omitting the criticized name, incorporates all those facts into itself by reference to the information." State v. Mott, 53 ND 222, 205 NW 234. See also State v. Keturokis, 224 Iowa 491, 276 NW 600.

There are other errors specified by the defendant relating to rulings of the court upon evidence and other specifications as to instructions. Our examination of the record discloses no prej-

udicial error in any of them and it is unnecessary that they be considered at length.

At the time the defendant was arraigned her counsel stated that the defendant pleaded once in jeopardy under Section 29–1415 RCND 1943, and further said: "for the information of counsel and the Court I will say here once in jeopardy is a prosecution under a city ordinance and a sentence to jail." At no time did the defendant prove or offer to prove the provisions of the ordinance which she claimed were the basis of her claim of once in jeopardy. At the close of the state's case, the defendant offered in evidence exhibits 2, 3, and 4 which were rejected by the court upon objection by the state. Exhibit 2 is a complaint filed in the office of the police magistrate of the City of Minot, charging Margaret Simpson with operating a disorderly house contrary to the provisions of Section 301, Chapter 9 of the 1940 Revised Ordinances of the City of Minot. Defendant's exhibit 3 is a judgment of the police magistrate convicting the defendant of the crime charged in exhibit 2 and sentencing her to sixty days in the county jail in the City of Minot and to the payment of a fine of $95.00 and costs amounting to $5.00. Exhibit 4 is a notice of appeal signed by the attorney for the defendant appealing the conviction to the District Court of Ward County.

The court instructed the jury that: "You will not need to consider that part of the plea as to the defendant having been once in jeopardy for the reason that there is no evidence in this case of the defendant having been once in jeopardy in connection with the crime charged in the information."

The defendant contends that the court erred in rejecting exhibits 2, 3, and 4, and in instructing the jury that there was no evidence to support the plea of jeopardy. To sustain a plea of once in jeopardy it must appear that the offense for which the defendant claims he was once placed in jeopardy is the same offense as that for which he is being tried. State v. Virgo, 14 ND 293, 103 NW 610. The acts charged must be the same and the legal character of the crimes charged must be the same in both instances. State v. Panchuk, 53 ND 669, 207 NW 991; State v. Taylor, 70 ND 201, 293 NW 219.

The ordinance of the City of Minot under which the defendant claimed to have been prosecuted was not before the court and does not appear in the record now before us. The trial court could not determine, and neither can we, whether the act or acts penalized by the city ordinance are the same as the act or acts made unlawful by Section 12–2214. The record does not disclose facts upon which a plea of once in jeopardy can be based, or upon which we can determine the broader question argued by counsel, as to whether a single act which violates a state law and a municipal ordinance may be prosecuted under both.

Defendant's final assignment challenges as excessive the amount of $728.00, the judgment for costs directed to be entered against the defendant. The case was transferred for trial at the instance of the defendant from Ward County to McHenry County. The expense to Ward County was augmented materially by this transfer which required the officers and witnesses to travel to and sustain themselves at a point a considerable distance from the county seat of Ward County. In all cases of conviction, Section 29–2622 RCND 1943 requires that the costs of the prosecution shall be taxed against the defendant. We dispose of the defendant's contention by repeating what we said in State v. McCauley, 68 ND 198, 277 NW 605:

"The defendant made no showing as to what the costs should be. As far as this record is concerned they may or may not have been taxed at the correct amount. The burden on appeal is on the appellant to show that error has been committed. The trial court was required by statute to tax as costs the actual costs of the prosecution."

It does not appear that the court did not adhere to this requirement. The judgment is affirmed.

GRIMSON, CHRISTIANSON, SATHRE, and BURKE, JJ., concur.