**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Robert W. LAWYER, Defendant and Appellant.**

**Crim. Nos. 1170, 1171.**

Supreme Court of North Dakota.

Oct. 28, 1986.

Charles C. Whitman, Asst. States Atty., Bismarck, for plaintiff and appellee; argued by Charles C. Whitman.

Deborah J. Carpenter, Bismarck, for defendant and appellant; argued by Deborah J. Carpenter.

ERICKSTAD, Chief Justice.

Robert W. Lawyer appeals from a judgment of conviction by the County Court of Burleigh County on March 7, 1986, following a bench trial in which the court found him guilty of driving while under suspension in violation of Section 39–06–42, N.D. C.C., and driving while under the influence of intoxicating liquor in violation of Section 39–08–01, N.D.C.C. Lawyer's contention on appeal is that he was denied due process because he was not given adequate notice of the time and date of his trial. On this issue the record is very scanty. We affirm.

In *United States v. Cochran*, 770 F.2d 850 (9th Cir.1985), the court affirmed the general rule regarding the introduction of evidence outside the record as follows:

"We have previously said that facts outside the record may be introduced to show that the waiver was not made voluntarily, knowingly, or intelligently but that the proper vehicle for doing so is a habeas corpus proceeding. If Cochran wishes to pursue his claim that the waiver was not made voluntarily, knowingly, or intelligently by introducing facts out-

side the record he must do so in a habeas corpus proceeding, not a direct appeal." 770 F.2d at 852, n. 1.

*See also United States v. Goodwin*, 446 F.2d 894 (9th Cir.1971) (facts outside record in prosecution for assaulting federal officer which would support defendant's allegations that he had inadequate representation by counsel must be presented in motion to vacate sentence and judgment rather than on direct appeal).

1. *"(a) Grounds for Motion.* The court on motion of a defendant may grant a new trial to him if required in the interests of justice. The motion for a new trial shall point out with particularity the defects and errors complained of.

*"(b) Motion Based on Newly Discovered Evidence or Jury Misconduct.* A motion based upon newly discovered evidence or jury misconduct shall be supported by affidavits. A motion for a new trial based on the ground of newly discovered evidence must be made within 30 days after discovery of the facts upon which it is made and within 2 years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.

*"(c) Motion Based on Other Ground.* A motion for new trial on any other grounds shall be made on the file, exhibits, and minutes of the court. Pertinent facts not a part of the minutes may be shown by affidavit except as otherwise provided in these Rules. Either party may procure a complete or partial transcript of the proceedings for use upon the hearing of the motion. The motion shall be made within 7 days after verdict or finding of guilt or within such further time as the court may fix during the 7–day period.

*"(d) Affidavits.*

1. If a motion for a new trial is based on affidavit, the affidavit shall be served with the notice of motion. The opposing party shall have 7 days after the service in which to serve opposing affidavits, which period may be extended by the court on an order extending the time for hearing under this Rule. The court may permit reply affidavits.

2. If affidavits are presented to the court in support of or in opposition to a motion for new trial and the affiants are residents of this State, the court may compel their personal attendance before it and they may be examined under oath, touching the matters set forth in their affidavits.

*"(e) Other Post-Conviction Remedies.* Nothing in this Rule shall be construed to affect the remedies provided by Chapter 29–32 [Repealed by S.L.1985, ch. 366, § 16 and reenacted by ch. 29–32.1], N.D.C.C." Rule 33, N.D.R.Crim.P.

2. *"29–32.1–01. Remedy—To whom available— Conditions.*

If Lawyer wanted to introduce supplemental material or, as in this case, rely upon supplemental material introduced by the State in the form of affidavits, he might have considered the possibility of utilizing Rule 33, N.D.R.Crim.P., even with its time limitations,[1] the Uniform Postconviction Procedure Act, Chapter 29–32.1, N.D.C.C.,[2] or the statutes on habeas corpus relief, Chapter 32–22, N.D.C.C.[3]

1. A person who has been convicted of and sentenced for a crime may institute a proceeding applying for relief under this chapter upon the ground that:

a. The conviction was obtained or the sentence was imposed in violation of the laws or the Constitution of the United States or of the laws or Constitution of North Dakota;

b. The conviction was obtained under a statute that is in violation of the Constitution of the United States or the Constitution of North Dakota, or that the conduct for which the applicant was prosecuted is constitutionally protected;

c. The court that rendered the judgment of conviction and sentence was without jurisdiction over the person of the applicant or the subject matter;

d. The sentence is not authorized by law;

e. Evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice;

f. A significant change in substantive or procedural law has occurred which, in the interest of justice, should be applied retrospectively;

g. The sentence has expired, probation or parole or conditional release was unlawfully revoked, or the applicant is otherwise unlawfully in custody or restrained; or

h. The conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error available before July 1, 1985, under any common law, statutory or other writ, motion, proceeding, or remedy." § 29–32.1–01(1), N.D.C.C.

3. *"32–22–01. Persons restrained may prosecute the writ.*—Every person imprisoned or restrained of his liberty under any pretense whatever may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment or restraint and thereby, except in the cases specified in section 32–22–02, obtain relief from such imprisonment or restraint if it is unlawful."

*"32–22–15. Return may be controverted— Proofs.*—The party brought before the court on the return of the writ may deny or controvert any of the material facts or matters set forth in the return, or except to the sufficiency thereof,

Without saying that these are the only possible methods of supplementing the record, we conclude in this case, as these methods were not attempted and no other means was attempted by the defendant, he must suffer the consequences of any lack of evidence in the record before us to support his contention that the notice he did or did not receive of the trial date violated due process. We conclude that the record made in the trial court does not support the defendant's contention in this case.

■ Even if we were to consider the evidence as supplemented by the affidavits of Judge Burt L. Riskedahl[4] and Clerk of County Court Loralee Heiser,[5] we could find no violation of due process in this case.

The actual record in this case discloses the following. In his initial appearance on the 30th day of October 1985, Lawyer was asked whether or not he intended to hire an attorney and was advised by the court that if he could not afford an attorney, the court could appoint an attorney to represent him:

"Do you have any questions about this penalty provision?

"A. No. I guess I do. I don't have an attorney right now, and I do want to get one.

"Q. That was going to be my next question. You're able to provide your own attorney?

"A. I haven't been able to contact the person I'm trying to get ahold of yet.

"Q. Who is that?

"A. Maury Thompson. At the same time, I'm unemployed. I have been for quite a few months now, and I would like to get the forms necessary for a court appointed attorney just in case. I have no idea how much something like this would cost. Right now I don't have the funds available. I just don't.

---

or allege any fact to show either that the imprisonment or detention is unlawful or that he is entitled to his discharge. The court thereupon must proceed in a summary way to hear such proof as may be produced against such imprisonment or detention, or in favor of the same, and to dispose of such party as the justice of the case may require, and has full power and authority to require and compel the attendance of witnesses, by process of subpoena and attachment, and to do and perform all other acts and things necessary to a full and fair hearing and determination of the case. The court may allow the return to be amended according to the facts of the case, whenever it may be deemed necessary."

"*32–22–17. Causes for discharge of person restrained.*—If it appears on the return of the writ that the party is in custody by virtue of process from any court of this state, or any judge or officer thereof, such person may be discharged in any of the following cases, subject to the restrictions of section 32–22–02:

1. When the jurisdiction of such court or officer has been exceeded.
2. When the imprisonment was at first lawful, but by some act, omission, or event which has taken place afterward, the party has become entitled to a discharge.
3. When the process is defective in some matter of substance required by law rendering such process void.
4. When the process, though regular in form, has been issued in a case not allowed by law.

5. When the person having the custody of the party is not the person allowed by law to detain him.
6. When the process is not authorized by any order or judgment of any court nor by any provisions of law.
7. When a party has been committed on a criminal charge without reasonable or probable cause.
8. When the process appears to have been obtained by false pretense or bribery."

4. The affidavit of Judge Burt L. Riskedahl notes that on March 7, 1986, Lawyer did not appear on time for trial. Judge Riskedahl contacted Lawyer by telephone and "instructed him regarding the necessity of coming to the courthouse immediately for his trial." Judge Riskedahl indicates that Lawyer responded by claiming that he had not received notice by mail as to the March 7th trial and arrived in court a few minutes later.

5. The affidavit of the Clerk of Burleigh County Court, Loralee Heiser, notes that after she received no contact from Lawyer she proceeded to treat the case as *pro se* and set the case for a bench trial on January 13, 1986. She sent notice to Lawyer by mail to the address that he provided to the court. She acknowledges that sometime before January 13, 1986, Lawyer contacted the court by phone and requested and received a continuance. She reset Lawyer's cases for March 7, 1986, and sent notice of trial by mail to the same address she had used in the first notice.

"Q. Mr. Thompson is out of town or something?

"A. Apparently. I called his office yesterday afternoon, and they were expecting him in probably by noon today.

"Q. Today is Wednesday. Let's say by the end of the week let's have this settled one way or the other. If you work out an arrangement with Mr. Thompson to represent you, then have him call the clerk to verify that he'll be your attorney so she knows she should communicate with him regarding scheduling the cases. If you conclude after talking to him that you can't hire your own attorney for financial reasons, then it will be your responsibility to come back here to complete the application form. And I want you to do that this week so that we would have it settled by the end of the week, whether you have an attorney appointed by the Court. Then you would know who it is and so on.

"A. Could I take the forms with me and then in case—I'm sure it's going to be very expensive—if we can't work out some kind of thing, then I'll bring the forms in by the end of the week."

Lawyer was also asked during his initial appearance whether he wanted his cases scheduled as jury or non-jury trials. A part of his response in question and answer form follows:

"Q. Do you want to indicate now whether you want these [cases] scheduled as jury trials or non-jury trials?

"A. Non-jury I'm sure. Of course, that I guess will have to be determined if I do get an attorney and whatever steps he wants to take, but I would say non-jury I'm sure.

"Q. We'll indicate on the record now that you have decided to waive the jury. If you decide differently after conferring with the attorney, of course, have the attorney notify the clerk of that so they can be scheduled accordingly."

On March 7, 1986, Lawyer was tried on his two cases. During the course of his trial and in open court the following colloquy occurred between the court and Lawyer:

"Mr. Lawyer, you earlier entered pleas of not guilty to charges of driving under suspension and driving under the influence of alcohol. The date of those citations was October 23, 1985. At the time that you appeared earlier and entered your plea or pleas of not guilty, you indicated that you intended to act as your own attorney. Is it still your intention to do that now?

"THE DEFENDANT: Yes, sir.

"THE COURT: At the time of the arraignment, we also advise people of their right to have a trial by jury. Apparently you indicated at the time of your arraignment that you wanted to waive the jury and proceed with a non-jury trial; is that still your position today?

"THE DEFENDANT: That's right, yes."

The only indication in the record made at the trial court that Lawyer may not have received adequate notice of the date and time of the trial is the oblique possible reference to that fact by Lawyer at the beginning of his presentation of his own defense at the invitation of the trial judge.

"THE COURT: ...

"Mr. Whitman has indicated he has no other evidence to present then. Now the defendant also has the right to present evidence, which would mean that you have the right to testify yourself if you want to. You also have the right to remain silent, so that means if you choose not to testify, that would not be—could not be held against you in any way. Do you want to present evidence?

"THE DEFENDANT: I would just like to explain my story, yes.

\*    \*    \*    \*    \*    \*

"THE COURT: Now, because you don't have a lawyer, just go ahead and put in your own words what it is you would like to explain, and then Mr. Whit-

man or myself could ask questions if we want to.

"THE DEFENDANT: Okay. I guess what I would like to do is just first of all apologize for being late *because I didn't know anything about this day.* I guess what I would like to do is just kind of go back to that day from what I can remember of it and go from there." [Emphasis added.]

As the defendant apparently concedes that he was advised of all of his rights in his initial appearance, or at least has not asserted that he was not, we conclude, in light of later developments disclosing due consideration of his interests by the court, defendant's willingness to proceed to trial without a lawyer, without a jury,[6] and as his own lawyer, that his rights to due process have not been violated.

In light of this analysis we conclude that this case was an appropriate one for summary disposition under Rule 35.1(a)(4), N.D.R.App.P., in that there has been no error of law and no abuse of the trial court's discretion.[7]

For the reasons stated, the judgment of conviction is affirmed.

VANDE WALLE, LEVINE, MESCHKE and GIERKE, JJ., concur.

---

**6.** Lawyer has not asserted that his right to a jury trial was not properly waived. In oral argument Lawyer's counsel appeared to argue that Lawyer, as a *pro se* defendant, was entitled to withdraw his waiver of jury trial before trial commenced, and that because he was not apprised of this right he was denied due process. If that was her argument we must disagree. In *State v. Mathisen,* 356 N.W.2d 129 (N.D.1984) the defendant, without counsel, validly waived his right to trial by jury in one of his initial appearances. The defendant, with counsel and immediately before trial commenced, moved for a jury trial. The trial court denied defendant's motion. We concluded that "the trial court's denial of Mathisen's request for a jury trial, immediately preceding his trial and subsequent to his valid waiver, did not constitute error under the circumstances of this case." 356 N.W.2d at 135. *See Wyatt v. United States,* 591 F.2d 260 (4th Cir.1979) ("the decision to permit withdrawal is committed to the discretion of the district judge" and that the district judge may rely upon the presumption of regularity created by prior approval and is not required *sua sponte* to reconfirm an earlier valid jury waiver).

**7.** The pertinent part of Rule 35.1(a)(4), N.D.R. App.P., reads:

"*(a) Affirmance by Summary Opinion.* In any case in which the court determines after argument, unless waived, that no reversible error of law appears and insofar as applicable:

\*   \*   \*   \*   \*   \*

(4) the trial court did not abuse its discretion;

\*   \*   \*   \*   \*   \*

the court may affirm by an opinion citing this rule and indicating which one or more of the above criteria applies and citing any previous controlling appellate decision. The opinion may be in the following form: 'Affirmed under NDRAppP 35.1(a)(1), (2), (3), (4), (5), (6), or (7).'"