STATE of North Dakota, Plaintiff and Appellee,

v.

Daniel RAYWALT, Defendant and Appellant.

Cr. No. 880147.

Supreme Court of North Dakota.

Feb. 10, 1989.

Brian D. Grosinger (argued), Asst. States Atty., Mandan, for plaintiff and appellee.

Dyer & Summers, Bismarck, for defendant and appellant; argued by Edwin W.F. Dyer III.

GIERKE, Justice.

Daniel Raywalt appeals from a judgment of conviction entered upon a jury verdict finding him guilty of possession of drug paraphernalia. We affirm.

On November 25, 1987, law enforcement officers executed a search warrant at an apartment in Mandan. Raywalt, who was then on probation on another drug conviction, was present in the apartment, along with nearly thirty other persons.

Believing that Raywalt would be found in the apartment, the officers were accompanied by Tracy Stein, a probation officer from the North Dakota Parole and Probation Department. Stein searched Raywalt

pursuant to a search clause incorporated in Raywalt's prior criminal judgment. Raywalt's jacket pocket contained a three-page "recipe" for manufacturing methamphetamine and a list of chemicals necessary to manufacture methamphetamine. The search of the apartment resulted in the seizure of other drug-related items, including spoons, syringes, "snow seals" (paper packets used for packaging powdered drugs), and a frisbee containing a piece of glass and a razor blade. These other items were not in Raywalt's possession.

Raywalt was subsequently arrested for possession of drug paraphernalia. After he had been given *Miranda* warnings, Raywalt admitted that he and two other persons had intended to set up a clandestine drug lab to manufacture methamphetamine.

The case was tried to a jury, which returned its verdict finding Raywalt guilty. Raywalt has appealed from the judgment of conviction entered upon the jury verdict, raising the following issues:

I.   Was the evidence sufficient to support the jury's finding that Raywalt possessed drug paraphernalia?

II.  Did the trial court err in admitting into evidence Raywalt's prior conviction, Raywalt's statements to police, and testimony regarding other drug-related items found in the search of the apartment?

I.

■ Raywalt asserts that the evidence is insufficient to support the jury's finding that he possessed drug paraphernalia because there was no evidence to show that he intended to use the drug recipe to manufacture a controlled substance.

To place Raywalt's argument into proper context, it is necessary to outline our drug paraphernalia law. Section 12.1–31.1–03, N.D.C.C., makes it unlawful to possess drug paraphernalia with intent to use it in violation of the Controlled Substances Act, Chapter 19–03.1, N.D.C.C.:

"*Unlawful possession of drug paraphernalia.* It shall be unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of chapter 19–03.1. Any person violating this section is guilty of a class A misdemeanor."

Section 12.1–31.1–01 defines "drug paraphernalia":

"In this chapter, unless the context or subject matter otherwise requires, 'drug paraphernalia' means all equipment, products, and materials of any kind which are used, intended for use, or designed for use, in planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body a controlled substance in violation of chapter 19–03.-1."

That section also includes a non-exclusive list of examples of drug paraphernalia. Section 12.1–31.1–02, N.D.C.C., provides a list of guidelines to assist in determining whether an object is drug paraphernalia. These relevant factors include statements by the owner or person in control of the object concerning its use, prior drug convictions of the owner or person in control, expert testimony concerning its use, and other logically relevant factors.

These statutes, enacted in 1981, *see* 1981 N.D.Sess. Laws Ch. 160, were derived from the Model Drug Paraphernalia Act drafted by the Drug Enforcement Administration of the United States Department of Justice. The Act, rather than limiting paraphernalia to specified items, makes the determination whether an item is paraphernalia a question of fact based upon the circumstances of each case. Any object is paraphernalia if it is used, intended for use, or designed for use in connection with a controlled substance. The Comments to the Model Act make it clear that a showing of intent to

use the object illegally is required before the object may be found to be paraphernalia:

"To insure that innocently possessed objects are not classified as drug paraphernalia, Article I makes the knowledge or criminal intent of the person in control of an object a key element of the definition. Needless to say, inanimate objects are neither 'good' nor 'bad,' neither 'lawful' nor 'unlawful.' Inanimate objects do not commit crimes. But, when an object is controlled by people who use it illegally, or who intend to use it illegally, or who design or adapt it for illegal use, the object can be subject to control and the people subjected to prosecution. Article I requires, therefore, that an object be used, intended for use, or designed for use in connection with illicit drugs before it can be controlled as drug paraphernalia." Comments to Model Drug Paraphernalia Act (*quoted in* Minutes of House Social Services and Veterans Affairs Committee on House Bill 1510, Feb. 5, 1981).

Thus, the Act in effect makes the determination whether an object is paraphernalia a question for the trier of fact. In this respect, we agree with the reasoning of the Supreme Court of Idaho in *State v. Newman,* 108 Idaho 5, 696 P.2d 856, 865 (1985):

"Under our construction, then, a jury will never determine as a fact question whether an item is in and of itself 'drug paraphernalia' without also considering the defendant's state of mind with respect to that item in using, marketing, or designing it. We think it clear that in nearly every case, the item in issue will be capable of being used with a controlled substance, thereby making it 'drug paraphernalia.' The crucial decision under the Act, though, and what makes an item 'drug paraphernalia' for purposes of the Act, is whether the defendant intended that it be used with illegal drugs.

\*    \*    \*    \*    \*    \*

"We also agree with the New Jersey Supreme Court that there is nothing in the Model Act's legislative history to suggest that a jury should first decide if an item is, in and of itself, drug paraphernalia before determining the defendant's state of mind. *Town Tobacconist* [*v. Kimmelman,* 94 N.J. 85, 462 A.2d 573, 583–584 (1983)]. Rather, it is clear that the framers of the Model Act, and in turn the Idaho legislature, intended the definition of drug paraphernalia be determined by the defendant's state of mind, with evidence of the items associated with the defendant, and the lists and factors in I.C. § 37–2701(bb), going toward proving the defendant's state of mind."

It is within the context of this statutory scheme that Raywalt asserts a lack of evidence to support the jury's finding that he possessed the drug recipe with the intent to manufacture a controlled substance.

When a defendant challenges the sufficiency of the evidence he must demonstrate that the evidence, when viewed in the light most favorable to the verdict, reveals no reasonable inference of guilt. *State v. Jacobson,* 419 N.W.2d 899, 901 (N.D.1988). When reviewing a verdict based upon circumstantial evidence, the role of an appellate court is to merely review the record to determine if there is competent evidence to allow the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. *State v. Jacobson, supra.* In so doing, we do not substitute our judgment for that of the jury. *State v. Jacobson, supra.*

We find ample evidence in the record to support the jury's conclusion that Raywalt intended to use the drug recipe to manufacture a controlled substance. While the State will in nearly all cases be forced to prove intent by circumstantial evidence, the circumstantial evidence was particularly strong in this case. The drug recipe was found in Raywalt's jacket pocket in an apartment where other items of paraphernalia which could be used with methamphetamine were found. Raywalt had a recent conviction for delivery of methamphetamine, the same controlled substance which the recipe would produce. An expert witness testified that there could be no other

use for the recipe other than to manufacture methamphetamine. Most importantly, the arresting officer testified that Raywalt admitted that he and two other persons had intended to set up a clandestine drug lab to manufacture methamphetamine. Each of these factors was relevant and supports the jury's determination that Raywalt intended to use the drug recipe to manufacture a controlled substance.

We conclude that there is sufficient evidence to support the conviction.

## II.

Raywalt asserts that the trial court erred in admitting into evidence his prior conviction, his statements to police, and testimony regarding other items found in the apartment.

### 1) *Prior Conviction*

The trial court admitted into evidence a certified copy of Raywalt's prior conviction of delivery of a controlled substance. Admission of prior convictions is governed generally by Rules 403 and 404, N.D.R. Evid. Rule 404(b) provides that evidence of other crimes is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Although relevant for such purposes, evidence of other crimes may still be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice." Rule 403, N.D.R.Evid. Thus, the trial court is called upon to balance the probative value of the evidence against its prejudicial effect in determining whether to admit evidence of a defendant's past crimes. *State v. Micko,* 393 N.W.2d 741, 744–745 (N.D.1986).

In addition, Section 12.1–31.1–02(2), N.D.C.C., provides that, in determining whether an object is drug paraphernalia, a court or other authority may consider the prior drug convictions of the owner or person in control of the object. The State argues that the statute makes evidence of a prior conviction automatically admissible, without taking into consideration the prejudicial effect of such evidence under Rule 403. We, however, view the statute as dealing with *relevance,* not *admissibility,* of evidence. Thus, although the evidence of Raywalt's prior conviction for delivery of methamphetamine is relevant to the issue of whether the drug recipe constituted paraphernalia, the trial court still must employ the balancing test of Rule 403 to determine whether its probative value is outweighed by its prejudicial effect.

Raywalt made a pre-trial motion seeking exclusion of evidence of his prior drug convictions at trial. A hearing on the motion was held on May 3, 1988, the day before trial, and the court ruled that the prior convictions would be admissible. A written order was entered on May 5. Raywalt objected to introduction of the prior convictions during the trial based upon Rule 403, and the court overruled the objection based upon its prior ruling at the May 3 hearing.

Raywalt asserts that the trial court did not properly balance the probative value and prejudicial effect of the evidence as required by Rule 403, but merely held the evidence of prior convictions automatically admissible under Section 12.1–31.1–02(2), N.D.C.C. Raywalt has, however, failed to provide a transcript of the May 3 hearing at which the trial court held the evidence admissible. Thus, we are unable to determine from this record the arguments and reasoning put forth by Raywalt or the basis for the trial court's ruling.

The appellant bears the burden on appeal of proving error. *E.g., State v. Lind,* 322 N.W.2d 826, 837 (N.D.1982); *State v. Azure,* 241 N.W.2d 699, 702 (N.D.1976); *State v. Simpson,* 78 N.D. 571, 50 N.W.2d 661, 668 (1951). It is the duty of an appellant who alleges error to bring up the entire record on the point as to which error is alleged. *State v. Azure, supra,* 241 N.W.2d at 702; *Starr v. Morsette,* 236 N.W.2d 183, 186 (N.D.1975); *State v. Simpson, supra,* 50 N.W.2d at 666. *See also State v. Packineau,* 423 N.W.2d 148, 150 (N.D.1988) ("one alleging facts has the obligation to establish the existence of those facts"). In addition, Rule 10(b), N.D. R.App.P., places upon the appellant the

duty to provide a transcript of the proceedings.

Unless the record on appeal allows for meaningful and intelligent review of an alleged error, we will decline to review. *State v. Littlewind,* 417 N.W.2d 361, 365 (N.D.1987). Where the record is incomplete, the appellant must suffer the consequences of any lack of evidence in the record to support his contention. *State v. Lawyer,* 395 N.W.2d 153, 155 (N.D.1986). Unless the record affirmatively shows the occurrence of the matters which the appellant relies upon for relief, he may not urge those matters on appeal. *State ex rel. Olson v. Nelson,* 222 N.W.2d 383, 387 (N.D.1974). The presumption is that the trial court's ruling was correct, and the burden is upon the appellant to show affirmatively by the record that the ruling was incorrect. *Crosby v. Sande,* 180 N.W. 2d 164, 172 (N.D.1970).

Because the transcript of the May 3 hearing has not been included in the record on appeal, we have not been provided with the trial court's reasoning at the time it orally ruled that the evidence of Raywalt's prior convictions would be admissible. Raywalt has drawn our attention to nothing in the record which suggests that the trial court did not properly consider the prejudicial effect of the evidence, as required by Rule 403, before holding it admissible. We therefore conclude that Raywalt has failed to meet his burden of establishing error.

### 2) *Raywalt's Statements to Police*

■ Raywalt asserts that the trial court erred in allowing the arresting officer to testify regarding statements made by Raywalt after he was arrested and given his *Miranda* rights. Raywalt asserts that the State failed to show a knowing and voluntary waiver of rights by Raywalt before seeking to introduce his incriminating statements.

Rule 12(b)(3), N.D.R.Crim.P., requires that a motion to suppress evidence on the ground that it was illegally obtained must be made prior to trial. This provision applies to improperly obtained confessions or incriminating statements. *State v. Valgren,* 411 N.W.2d 390, 393 (N.D.1987); *State v. Demery,* 331 N.W.2d 7, 13–14 (N.D.1983). The failure to timely raise a defense or objection which must be raised prior to trial pursuant to Rule 12(b) constitutes a waiver of the defense or objection. *State v. Valgren, supra,* 411 N.W.2d at 393; *State v. Demery, supra,* 331 N.W.2d at 13; Rule 12(f), N.D.R.Crim.P. If, however, the movant establishes "just cause" for the failure to timely raise the objection, the court may, in its discretion, grant relief from the waiver. *State v. Valgren, supra,* 411 N.W.2d at 393–394; *State v. Demery, supra,* 331 N.W.2d at 14 n. 8; Rule 12(f), N.D.R.Crim.P.

Raywalt made a pre-trial motion seeking suppression of other evidence, but did not seek suppression of his statements to the police. Furthermore, Raywalt did not attempt to make any showing of "just cause" for his failure to raise the issue prior to trial. We conclude that Raywalt's failure to timely raise the issue constitutes a waiver under Rule 12(f), N.D.R.Crim.P.

### 3) *Testimony Regarding Other Items in the Apartment*

■ Raywalt asserts that the trial court erred in admitting testimony regarding other drug-related items which were discovered during the search of the apartment, arguing that the relevance of this evidence is clearly outweighed by its prejudicial effect pursuant to Rule 403, N.D.R.Evid. A review of the record, however, shows that Raywalt did not object to the evidence on Rule 403 grounds; rather, his objection at trial was that evidence of "other paraphernalia" was not listed in Section 12.1–31.1–02, N.D.C.C., which provides guidelines for determining whether an object is paraphernalia, and thus was not relevant.

An issue not raised in the trial court is generally not reviewable on appeal unless it constitutes "obvious error" under Rule 52(b), N.D.R.Crim.P. *State v. Kopp,* 419 N.W.2d 169, 172 (N.D.1988); *State v. Miller,* 388 N.W.2d 522 (N.D.1986). Our authority to notice obvious error is exercised cautiously and only in exceptional situa-

tions where the defendant has suffered serious injustice. *State v. Kopp, supra,* 419 N.W.2d at 173. We conclude that the error alleged by Raywalt does not rise to the level of "obvious error" under Rule 52(b), and we therefore will not consider it on this appeal.

For the reasons stated in this opinion, the judgment of conviction is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.