**CITY OF GRAND FORKS,**
Plaintiff and Appellee,

v.

**Raymond DOHMAN, Defendant and Appellant.**

**Criminal No. 960051.**

Supreme Court of North Dakota.

June 27, 1996.

Rehearing Denied July 18, 1996.

Gary E. Euren, Assistant City Attorney, Grand Forks, for plaintiff and appellee.

Raymond Dohman, pro se, defendant and appellant.

SANDSTROM, Justice.

A jury convicted Ray Dohman of disorderly conduct. Dohman appeals, arguing the evidence was insufficient to convict him, and the disorderly conduct statute was unconstitutionally applied. Concluding neither issue was preserved for review, we affirm.

I

On June 29, 1995, Ray Dohman, accompanied by his wife and daughter, entered United Hospital in Grand Forks and demanded to speak with the president of the hospital. Dohman was unhappy about allegedly poor treatment his wife had received at the hospital.

The president of the hospital agreed to meet with Dohman in a conference room. Before attending the meeting, the president requested a security person accompany her.

According to the president's testimony, Dohman became very irritated during the meeting. At certain times, Dohman raised his voice and banged his fist on the table. The president asked him to leave. As Dohman was exiting through the lobby, he screamed, "The public needs to know that you have doctors that murder people."

Dohman was charged with disorderly conduct in violation of Grand Forks City Code 9–0201(1), (2), (3), and (7), and requested a jury trial.[1] At the December 19, 1995, trial, Dohman represented himself. During his cross examination of the hospital president, he stated, "I admit I hit the table and it startled you." The jury found Dohman guilty of disorderly conduct.

The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal from the district court was filed in a timely manner under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. §§ 29–01–12 and 29–28–06.

II

Dohman contends the evidence was insufficient to convict him.

To preserve an issue of sufficiency of the evidence for review in a jury trial, a defendant must move the lower court for a judgment of acquittal under N.D.R.Crim.P. 29. *State v. Lambert*, 539 N.W.2d 288, 288–89 (N.D.1995); *State v. Himmerick*, 499 N.W.2d 568, 573 (N.D.1993).

On January 11, 1995, Dohman filed a "Motion to Reverse" with the trial court. The

---

1. Section 9–0201 states a "person is guilty of disorderly conduct if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by said person's behavior, the person:

    "(1) Engages in fighting, or in violent, tumultuous or threatening behavior;

    "(2) Makes unreasonable noise;
    "(3) In a public place, uses abusive or obscene language, or makes an obscene gesture;
    . . . .
    "(7) Creates a hazardous, physically offensive, or seriously alarming condition by an act which serves no legitimate purpose."

City's response to the motion stated, in part, "It would appear appropriate for the Court to consider the Motion of the Defendant to Reverse to be a Motion for Judgment of Acquittal under the provisions of Rule 29 of the North Dakota Rules of Criminal Procedure."

The motion, however, was filed after the jury returned a verdict. "The North Dakota rule does not permit a motion for judgment of acquittal after the jury returns a verdict of guilty." N.D.R.Crim.P. 29 note; *State v. Tranby*, 437 N.W.2d 817, 824 (N.D.1989).

▮ Because Dohman did not move for a judgment of acquittal under N.D.R.Crim.P. 29 until after the jury returned its verdict, the issue was not preserved for review.

### III

Dohman contends the city ordinance, as applied to him in this case, violates his constitutional right to free speech.

### A

▮ Our review of Dohman's appeal is hampered by the lack of a complete transcript. "The appellant bears the burden on appeal of proving error." *State v. Raywalt*, 436 N.W.2d 234, 238 (N.D.1989) (citing, e.g., *State v. Lind*, 322 N.W.2d 826, 837 (N.D. 1982); *State v. Azure*, 241 N.W.2d 699, 702 (N.D.1976); *State v. Simpson*, 78 N.D. 571, 50 N.W.2d 661, 668 (1951)). "It is the duty of an appellant who alleges error to bring up the entire record on the point as to which error is alleged." *Raywalt;* N.D.R.App.P. 10(b). The partial transcript provided includes only Dohman's cross examination of the hospital president, the prosecutor's closing argument, and three-and-a-half pages detailing an outburst by Dohman following the jury verdict.

▮ Where the record is incomplete, the appellant must suffer the consequences of any lack of evidence in the record before us to support his contention. *City of Fargo v. Bommersbach*, 511 N.W.2d 563, 566 (N.D. 1994); *State v. Lawyer*, 395 N.W.2d 153, 155 (N.D.1986). "Unless the record affirmatively shows the occurrence of the matters which the appellant relies upon for relief, he may not urge those matters on appeal." *Raywalt*

at 239. We presume the district court's ruling was correct, and the burden is upon the appellant to show affirmatively by the record that the ruling was incorrect. *Raywalt.* If the record on appeal does not allow for a meaningful and intelligent review of an alleged error, we may decline to review it. *State v. Littlewind,* 417 N.W.2d 361, 365 (N.D.1987).

### B

▮ We find no evidence in the partial transcript or record showing this issue was raised in the trial court. "An issue not raised in the trial court is generally not reviewable by this Court unless the issue constitutes 'obvious error' under Rule 52(b), N.D.R.Crim.P." *City of Bismarck v. Nassif,* 449 N.W.2d 789, 793 (N.D.1989) (denying a defendant's request to subject a disorderly conduct statute to constitutional scrutiny because the issue, with respect to a particular subsection, was not appropriately raised in the trial court); *Bommersbach* (stating issues not raised in the trial court will generally not be addressed on appeal, even if it involves a constitutional question). "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice." *State v. McNair,* 491 N.W.2d 397, 399 (N.D.1992) (citing *State v. Heintze,* 482 N.W.2d 590, 593 (N.D.1992)). "In our inquiry, we examine the entire record and the probable effect of the alleged error in light of all of the evidence." *State v. Woehlhoff,* 540 N.W.2d 162, 164 (N.D.1995).

### C

▮ Because Dohman did not raise the issue in the trial court, and has not shown this to be an exceptional case involving obvious, serious injustice, we decline to consider the constitutionality of the ordinance.

### IV

The judgment of the trial court is affirmed.

VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.