# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 77

State of North Dakota,

Plaintiff and Appellee

v.

Demoris Omar Frederick,

Defendant and Appellant

### No. 20220070

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Pamela A. Nesvig, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Dennis H. Ingold, Assistant State's Attorney, Bismarck, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Demoris Frederick appeals from a criminal judgment entered after a jury convicted him of aggravated assault. Frederick argues the district court created a structural error by denying his constitutional right to a public trial, and created a reversible error by conducting voir dire off the record, making a transcript of the jury selection unavailable. Because Frederick has not demonstrated any portion of trial was held privately, or that the public was asked to leave the courtroom or was not allowed in, his right to a public trial was not violated. Because Frederick also has not demonstrated an error affecting his substantial rights when the district court failed to create an adequate record during a bench conference in open court, he has failed to demonstrate obvious error. We therefore affirm the criminal judgment.

I

[¶2]   On March 9, 2021, R.B. was seriously injured by a knife during an altercation with Frederick. An amended information charged Frederick with aggravated assault and conspiracy to commit aggravated assault. Testimony at trial established that Frederick stabbed R.B. over a dispute R.B. had with Frederick's co-defendant. The jury found Frederick guilty of aggravated assault with a dangerous weapon, but acquitted him of conspiracy to commit aggravated assault.

[¶3]   Frederick argues there were multiple closures during the trial that violated his right to a public trial. Frederick claims two bench conferences were held with no record taken creating closed proceedings—the first occurring right before jury selection, and the second occurring during cross examination of R.B. Frederick argues a violation occurred on the first day of trial shortly after jury selection when the district court noted on the record that "[t]he door is closed," and then admonished Frederick for being late and discussed certain matters such as jury instructions and exhibits. Frederick also asserts other discussions relating to opening and closing statements, and jury selection,

were taken off the record, not in view of the public. The State argues, in part, that Frederick's argument is foreclosed by his failure to comply with N.D.R.App.P. 10(f) because Frederick made no attempt to recreate the record through supplemental affidavits by the parties. Frederick also claims the court created a reversible error by conducting voir dire off the record, resulting in a transcript of jury selection being unavailable.

II

[¶4] This Court applies a de novo standard to review whether facts rise to the level of a public trial violation. *State v. Martinez*, 2021 ND 42, ¶ 19, 956 N.W.2d 772. "When considering on appeal a defendant's claim that his right to a public trial was violated, we first consider whether the claim of error was preserved at trial. We then consider the threshold question of whether there was a closure implicating the public trial right." *Id.* at ¶ 3 (citation omitted). If there was a closure, this Court determines "whether the trial court made pre-closure *Waller* findings sufficient to justify the closure." *Id.* When a defendant does not preserve the public trial issue with a timely objection at trial, this Court reviews only for obvious error. *See State v. Pendleton*, 2022 ND 149, ¶ 5, 978 N.W.2d 641; *State v. Morales*, 2019 ND 206, ¶ 24, 932 N.W.2d 106. To establish obvious error, a defendant must demonstrate a plain error that affected the defendant's substantial rights. *State v. Pemberton*, 2019 ND 157, ¶ 8, 930 N.W.2d 125 (citing N.D.R.Crim.P. 52(b)).

[¶5] This Court has determined that a violation of a defendant's right to a public trial is a structural error that affects the substantial rights of a defendant, and, therefore, constitutes obvious error. *State v. Pulkrabek*, 2022 ND 128, ¶ 7, 975 N.W.2d 572. Structural errors include three Sixth Amendment rights—the right to counsel, right to self-representation, and right to a public trial. *Id.* (citing *State v. Rogers*, 2018 ND 244, ¶ 5, 919 N.W.2d 193). When a structural error occurs, it affects the framework of the entire judicial proceeding, and its detrimental effects are inherently difficult to assess. *Id.* (citing *Morales*, 2019 ND 206, ¶ 14). Thus, it is not necessary that a defendant identify a specific prejudice or negative outcome. *Id.* (citing *Morales*, at ¶ 14).

2

[¶6] In *Pendleton*, 2022 ND 149, ¶ 6, this Court provided guidance on determining when a closure has occurred:

> "We have said that brief sidebars or bench conferences conducted during trial to address routine evidentiary or administrative issues outside the hearing of the jury ordinarily will not implicate the public trial right." *Martinez*, 2021 ND 42, ¶ 20, 956 N.W.2d 772. "Contrary to what the 'administrative' label suggests, such proceedings are not limited to purely administrative procedures before the court, such as scheduling." *State v. Smith*, 876 N.W.2d 310, 329 (Minn. 2016) (cited to favorably in *Martinez*, 2021 ND 42, 956 N.W.2d 772 and *Morales*, 2019 ND 206, 932 N.W.2d 106). For example, routine evidentiary rulings, objection rulings, or "[m]atters traditionally addressed during private bench conferences or conferences in chambers generally are not closures implicating the Sixth Amendment." *Martinez*, 2021 ND 42, ¶ 20, 956 N.W.2d 772. Additionally, "[n]on-public exchanges between counsel and the court on such technical legal issues and routine administrative problems do not hinder the objectives which the Court in *Waller* observed were fostered by public trials." *Smith*, 876 N.W.2d at 329 (quoting *U.S. v. Norris*, 780 F.2d 1207, 1210 (5th Cir. 1986)). Therefore, because administrative exchanges "ordinarily relate to the application of legal principles to admitted or assumed facts so that no fact finding function is implicated," the public trial right is not implicated for these types of exchanges. *Smith,* at 329[.]

The above exchanges do not implicate a defendant's Sixth Amendment right to a public trial. The exchanges do not involve the public or specific persons being asked to leave the courtroom, nor do they involve a truth-seeking function such as testimony being taken from a witness or the selection of prospective jurors. There is little threat of judicial, prosecutorial, or public abuse in these instances, and thus, the truth is not at risk for compromise.

3

[¶7]   This Court has yet to address which party has the burden to demonstrate the public was excluded from a proceeding to which the public had a right to be present. We now clarify that an appellant bears the burden of proving this error. *See State v. Rademacher*, 2023 ND 9, ¶ 8, 984 N.W.2d 660 (quoting *L.C. v. R.P.*, 1997 ND 96, ¶ 18, 563 N.W.2d 799) ("On appeal, the appellant bears the burden of showing error."); s*ee also Commonwealth v. Williams*, 401 N.E.2d 376, 378 (Mass. 1980) ("The burden is clearly on the defendant to demonstrate that the public was excluded from his trial[.]"); *Cameron v. State*, 490 S.W.3d 57, 69 (Tex. Crim. App. 2014), *on reh'g* (Mar. 2, 2016) (noting "the burden to show that a trial is closed to the public is on the defendant"). In the instance of an alleged public trial violation, this means the appellant must demonstrate the public was excluded from a proceeding and the proceeding was of a nature that the public had a right to be present.

[¶8]   In most of our public trial cases, members of the public were specifically asked to leave, or the parties discussed matters outside the presence of the public. *See State v. Davis-Heinze*, 2022 ND 201, ¶ 1, 982 N.W.2d 1 (discussion in hallway between trial court and parties on a question from the jury); *Pulkrabek*, 2022 ND 128, ¶ 6 (in-chamber pre-trial conference discussing jury selection, evidentiary stipulations, and an attorney withdrawal request); *Martinez*, 2021 ND 42, ¶ 1 (portion of trial closed to public when testimony from a minor was received); *Morales*, 2019 ND 206, ¶ 4 (public asked to leave during pre-trial and evidentiary hearings and at trial); *Rogers*, 2018 ND 244, ¶ 6 (public excluded from a competency hearing).

[¶9]   In *Pendleton*, certain discussions occurred outside the presence of the public (reviewing jury selection charts; examining the verdict forms), but one instance involved whether an off-the-record bench conference, conducted in open court, violated a defendant's right to a public trial. 2022 ND 149, ¶ 7. The bench conference was "an off-the-record discussion at the bench with the parties discussing the numbering of exhibits[.]" *Id*. We acknowledged in that case that "at no time did the court close the courtroom or ask members of the public to leave before any matters were discussed." *Id*. at ¶ 10. Instead, the discussion "occurred at the bench in open court in view of the public." *Id*. Additionally, "[t]he content of the discussion was described by the court before

4

it began, and the substance of the discussion was immediately summarized by the court on the record at its conclusion." *Id*. We concluded that this discussion "was purely administrative in substance and did not constitute a closure implicating the public trial right." *Id*.

[¶10] We have yet to address whether a defendant's right to a public trial is violated when a bench conference conducted in open court is not recorded or the district court does not explain on the record the substance of a bench conference. Although our prior case law suggests an off-the-record bench conference may violate a defendant's right to a public trial if the court does not make a record of the substance of the discussion, we have never directly held so, and we refuse to now. A district court closing a proceeding to the public is significantly different from the district court failing to make an adequate record of a bench conference conducted in an open trial. An inadequate record is not equivalent to a closed trial. *See United States v. Cashwell*, 950 F.2d 699, 703 (11th Cir. 1992) (quoting *United States v. Selva*, 559 F.2d 1303, 1306 n. 5 (5th Cir. 1977) ("[A] merely technically incomplete record, involving no substantial or significant omissions, will not be sufficient to work a reversal.").

[¶11] Rule 39, N.D. Sup. Ct. Admin. R., calls for preservation of the record. "Except in small claims court cases under N.D.C.C. ch. 27-08.1 and in traffic cases under N.D.C.C. § 39-06.1-03, the record of testimony and proceedings of the district court must be preserved using audio-recording devices, video-recording devices, or stenographic shorthand notes." N.D. Sup. Ct. Admin. R. 39(2). However, North Dakota law recognizes that not all proceedings will always be recorded. *Fenske v. Fenske*, 542 N.W.2d 98, 101 (N.D. 1996). Our law has also stated that while off the record discussions are "disapproved of," the trial record "will be searched and all parts of the record interpreted together. A deficiency in one place may be cured by what appears in another." *State v. Schlittenhardt*, 147 N.W.2d 118, 120, 125 (N.D. 1966) (citing *Davidson v. Nygaard,* 48 N.W.2d 578, 583 (N.D. 1951)). While a district court's failing to preserve a record of testimony and proceedings may be error, it is not structural error.

5

[¶12] A defendant must object to a district court's failure to preserve the substance of a bench conference on the record. *See State v. Entzi,* 2000 ND 148, ¶ 7, 615 N.W.2d 145 (non-transcribed portions of record are not preserved for appeal where there were no contemporaneous objections). If an alleged error is forfeited, then we review only for obvious error. *See Davis-Heinze*, 2022 ND 201, ¶ 8; *Morales*, 2019 ND 206, ¶ 24. "An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention." N.D.R.Crim.P. 52(b). When analyzing a claim of obvious error, we may "notice a claimed error that was not brought to the attention of a trial court if there was (1) error, (2) that is plain, and (3) affects substantial rights." *State v. Patterson*, 2014 ND 193, ¶ 4, 855 N.W.2d 113 (quoting *State v. Clark*, 2004 ND 85, ¶ 6, 678 N.W.2d 765). "An alleged error does not constitute obvious error unless there is a clear deviation from an applicable legal rule under current law." *Id*. (quotation marks omitted). "In order to affect 'substantial rights,' an error must have been prejudicial, or affected the outcome of the proceeding." *State v. Erickstad*, 2000 ND 202, ¶ 22, 620 N.W.2d 136. The defendant bears the burden of showing the alleged error was prejudicial. *Patterson*, at ¶ 4.

[¶13] To demonstrate that an inadequate record affects a defendant's substantial rights, the defendant must demonstrate the record cannot be adequately supplemented or reconstructed. Our case law supports this contention:

> The appellant bears the burden on appeal of proving error. *State v. Raywalt*, 436 N.W.2d 234, 238 (N.D. 1989) (citing, e.g., *State v. Lind*, 322 N.W.2d 826, 837 (N.D. 1982); *State v. Azure*, 241 N.W.2d 699, 702 (N.D. 1976); *State v. Simpson*, 78 N.D. 571, 50 N.W.2d 661, 668 (1951)). It is the duty of an appellant who alleges error to bring up the entire record on the point as to which error is alleged. *Raywalt*; N.D.R.App.P. 10(b).
> . . .
> Unless the record affirmatively shows the occurrence of the matters which the appellant relies upon for relief, he may not urge those matters on appeal. *Raywalt* at 239.

*City of Grand Forks v. Dohman*, 552 N.W.2d 66, 68 (N.D. 1996) (internal quotations omitted). A new trial is not appropriate when an appellant makes no effort to reconstruct the missing record under N.D.R.App.P. 10(f) and provides no reason for not doing so. *See United States v. Savage*, 970 F.3d 217, 237 (3d Cir. 2020) (Despite "50 unrecorded oral communications . . . including sidebars, [and] in-chambers charge conferences to hammer out jury instructions" defendant's "failure to pursue Rule 10 reconstruction forecloses relief.") (internal quotations omitted); *United States v. Locust*, 95 F. App'x 507, 512 (4th Cir. 2004) ("Because [Rule 10] was specifically designed to give an appellant the opportunity to reconstruct an otherwise insufficient record, courts have consistently expected the appellant to make the first move[.]"); *United States v. Gallo*, 763 F.2d 1504, 1530 (6th Cir. 1985) ("Absent a showing by counsel on appeal of a reasonable but unsuccessful effort to determine the substance of the off-the-record remarks and the nature of a claimed error, reversal is not an appropriate remedy.").

[¶14] Rule 10(f), N.D.R.App.P., provides a mechanism for an appellant to reconstruct a record. It provides:

> If a transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 14 days after being served. The statement and any objections or proposed amendments must then be filed with the district court for settlement and approval. As settled and approved, the statement must be filed with the clerk of the supreme court by the appellant within 60 days after the notice of appeal is filed.

[¶15] The State may also prepare and file a statement of the case "showing how the issues presented by the appeal arose and were decided in the district court." N.D.R.App.P. 10(g). The district court is the final arbiter of this supplemental record. Rule 10(h)(1), N.D.R.App.P., states, "If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by the district court and the record conformed accordingly." Only when an appellant attempts to

reconstruct the record utilizing the legal tools above can this Court then review the entirety of the record to determine if it establishes error or "affirmatively shows the occurrence of the matters which the appellant relies upon for relief[.]" *Dohman*, 552 N.W.2d at 68. Without such an attempted reconstruction, this Court is unable to accurately complete an appellate review. *See United States v. Sussman*, 709 F.3d 155, 171 (3rd Cir. 2013) (quoting *United States v. Sierra*, 981 F.2d 123, 126 (3d Cir. 1992) ("[T]he reconstructed record will enable the appellate court effectively to review the relevant issues.").

## III

[¶16] Here, Frederick claims three public trial violations. We will examine each in turn using the framework established above.

## A

[¶17] Frederick argues that a pre-trial conference held on the morning of his trial just prior to the commencement of voir dire violated his right to a public trial. Frederick has not demonstrated the pre-trial conference was held privately, or that the public was asked to leave the courtroom or was not allowed in. To the contrary, the record reveals the parties met in open court on record and discussed evidentiary stipulations and Frederick's unexpected absence. Frederick does not meet his burden of demonstrating the public was excluded during this portion of his trial.

## B

[¶18] Frederick argues a second closure occurred after the jury was selected and excused temporarily but before opening arguments commenced. Frederick contends that because the district court commented, "the door is closed," that the public was excluded from the courtroom. Frederick has not demonstrated this portion of the trial was held privately, or that the public was asked to leave the courtroom or was not allowed in. To the contrary, the record reveals the parties met in open court and discussed, in part, Frederick's right to a public trial, where the jury would be seated, and that the public could sit in the

8

gallery. Frederick does not meet his burden of demonstrating the public was excluded during this portion of his trial.

C

[¶19] Frederick argues a third closure occurred during trial, specifically, during cross examination of a witness. The following exchange took place on the first day of trial during cross examination of R.B. by defense counsel:

> Q. How had you heard that Rose was communicating with her brother about you assaulting her? I mean, who'd you hear that from?
>
> A. What's the question, again?
>
> Q. At some—did you ever, oh, excuse me.
>
> THE COURT: Hold on one moment, Mr. Morrow. Just take a little break. And sometimes that happens.
>
> MS. VAAGEN: Your Honor, may we approach briefly.
>
> THE COURT: Sure.
>
> MS. VAAGEN: Thank you.
>
> (Sidebar held.)
>
> THE COURT: Mr. Morrow, why don't you maybe go back a couple of questions if you can remember where you're at.
>
> Q. (Mr. Morrow continued questioning.) I was just gonna do that. Approximately how many days or weeks prior to March 9, 2021, Mr. B. Did you have this conversation about getting a motorcycle title with Rose Wickham?

[¶20] Frederick has not demonstrated this portion of the trial was held privately, or that the public was asked to leave the courtroom or was not allowed in. The record shows the courtroom was not closed to the public during this exchange, and the off-the-record proceeding was held in view of the public.

Frederick does not meet his burden of demonstrating the public was excluded during this portion of his trial. The issue, rather, is whether the district court erred in its failure to create an adequate record of the bench conference.

[¶21] Frederick did not object to the district court's failure to preserve the substance of the bench conference on the record. Thus, the alleged error is forfeited and we review only for obvious error. The court should have recorded the bench conference or summarized it and then permitted the parties the opportunity to confirm or correct the court's summary. This requirement is outlined in *Davis-Heinze*, 2022 ND 201, ¶¶ 10-11, *Pendleton*, 2022 ND 149, ¶ 10, *Martinez*, 2021 ND 42, ¶ 20, *Morales*, 2019 ND 206, ¶ 17, and the court's failure to comply is clear deviation from applicable legal rule under current law. The court's error is plain. However, Frederick has made no effort to supplement or reconstruct the record under N.D.R.App.P. 10(f) in order to demonstrate prejudice. He has only shown the court failed to make a sufficient record of a bench conference. He has not demonstrated how the error affected his substantial rights, nor has he shown the bench conference addressed any matters implicating his right to a public trial as distinguished from routine evidentiary or administrate issues. *Pendleton*, 2022 ND 149, ¶ 6. Frederick has also not demonstrated the record cannot be adequately supplemented or reconstructed. Frederick has failed to establish obvious error in the court's failure to create a record of the bench conference.

IV

[¶22] Frederick claims the district court created a reversible error by conducting voir dire off the record, making a transcript of jury selection unavailable. Frederick argues this error requires automatic reversal. In *Entzi*, 2000 ND 148, ¶ 8, this Court held a "trial court's failure to conduct voir dire on the record does not alone entitle [a defendant] to a new trial." We also noted in *Entzi* that a defendant must request such a recording. *Id*. at ¶ 5. *See also State v. Rougemont*, 340 N.W.2d 47, 51 (N.D. 1983) (holding failure to record voir dire and arguments of counsel is not per se reversible error). Since *Entzi*, this Court has adopted Appendix 1, Standard 7(d), of N.D. Sup. Ct. Admin. R. 9,

requiring that "[i]n felony criminal cases, the voir dire process must be held on record. . . ."

[¶23] This Court has never held that a violation of an administrative rule is per se reversible error. Furthermore, Frederick did not object to the district court's failure to record voir dire. Therefore, the claim was not preserved at trial and can only be reviewed for obvious error. *See State v. Fickert*, 2010 ND 61, ¶ 8, 780 N.W.2d 670 (reviewing district court's violation of N.D. Sup. Ct. Admin. R. 52 under the obvious error standard and holding defendant failed to establish how the error affected his substantial rights). While the court's failure to record voir dire at a felony trial is error, Frederick has failed to establish how the unrecorded proceeding affected his substantial rights, nor has he even attempted to show he experienced prejudice. Because Frederick has failed to establish obvious error, we will not reverse on these grounds.

V

[¶24] Frederick references a number of other instances where he suggests a closure may have occurred (indicating he believes the parties may have met earlier to discuss trial specifics), but he fails to satisfy to any degree of certainty that an off-record, non-public exchange took place outside of the three exchanges discussed in this opinion. His arguments regarding any other exchanges are without merit and unnecessary to our decision. The criminal judgment is affirmed.

[¶25] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr

11